Wilbur Gerome WEATHERFORD and Lynne Huovinen
Weatherford *v.* Richard L. WOMMACK and Mark
Lindsay

88-252 766 S.W.2d 922

Supreme Court of Arkansas
Opinion delivered March 20, 1989

*R.J. Brown* and *David E. Smith*, for appellant.

*Davis, Cox & Wright*, by: *Constance G. Clark*, for appellee.

JOHN I. PURTLE, Justice. The appellants seek to overturn a judgment by the Washington County Circuit Court entered upon the jury verdict in a malpractice action against their former lawyers. The appellants argue that the court erred in giving two nonstandard jury instructions and reading an interrogatory to the jury. Although we have concluded that it was not necessary for the trial court to have given these instructions or to have read the interrogatory, we do not find prejudicial error.

This malpractice action against the attorneys grew out of their representation of the appellants at an earlier bankruptcy proceeding. The appellees represented the appellants in the filing of a Chapter 7 bankruptcy action in November of 1980. At the first meeting of the creditors, objections were made to the discharge of the appellants on the basis that they had concealed property with the intent to hinder, delay, or defraud the creditors.

The creditors amended the objection to include a claim that the appellants had knowingly made fraudulent statements under oath. The specific objection was that the appellants failed to list an antique piano and a secretary on their inventory sheet in the bankruptcy court. On May 19, 1981, the bankruptcy judge granted the creditors' petitions and dismissed the appellants' bankruptcy proceeding. The bankruptcy opinion denying the discharge was filed on March 8, 1982. The court found that "the Weatherfords knowingly and frauduently made a false oath in connection with their case by omitting the piano and secretary from Schedule B, the statement of financial affairs, and by failing to mention these items at the first meeting of the creditors." In sustaining the objection to the discharge, the court further stated: "The Weatherfords have not been honest with the Court, the Trustee or their creditors." The bankruptcy judgment was made a part of the trial record in the present action.

On July 15, 1986, the appellants filed a complaint in Washington County Circuit Court, asserting legal malpractice against both of their former attorneys. It was the contention of the appellants that the attorneys were negligent in failing to file a Federal Rules of Civil Procedure Rule 12(b)(6) motion to dismiss the objection to discharge and in failing to challenge the amended complaint as untimely. The appellees responded that they were not negligent in any respect and that if the appellants suffered damage, it was a result of their own omissions and misrepresentations. Attorney Wommack filed a counter-complaint in the amount of $7,851.11 for legal services rendered.

During the trial of the malpractice suit the appellees maintained that their decision not to file a Rule 12(b)(6) motion was a question of trial strategy and supported this position by insisting that the bankruptcy court would have perceived such motion as a technical defense and therefore highly suspect. The attorneys also frequently pointed out the bankruptcy judge's finding that the appellants committed fraud on the court. At the close of the trial the court instructed the jury in terms of standard Arkansas Model Instructions and gave non-AMI instructions numbers 13 and 16. Instruction number 13 dealt with "the duty of the [appellants] . . . to use ordinary care to insure the information provided in the petition was not false." Instruction number 16 was to the effect that the Weatherfords were bound by those

findings and rulings made in prior court proceedings.

The trial court also read the interrogatories to the jury. Interrogatory number 6, which was objected to by the appellants, is as follows:

> A party who by his acts, declarations, or admissions, or by failure to act or speak under circumstances where he should do so, either designedly, or with willful disregard of the interests of others, induces or misleads another to conduct dealings which he would not have entered upon but for this misleading influence, will not be allowed afterwards to come in and assert his right to the detriment of the person so misled.

> Do you find from the facts in this case that the plaintiffs committed the above acts and that the defendants reasonably relied thereon?

Although this interrogatory was read to the jury, no response was required because the jury answered another interrogatory adversely to the appellants.

The appellants rely heavily on the case of *Rutland* v. *P.H. Ruebel and Co.*, 202 Ark. 987, 154 S.W.2d 578 (1941), which states in part:

> The appellant at the time specifically called to the court's attention the objectionable feature of said instruction through his specific objection thereto, and insisted that it unduly emphasized this strong circumstance, and in singling it out in such a manner, amounted to an instruction on the weight of the testimony. We think that under the facts in this case the giving of said instruction, over the specific objection of the appellant, was prejudicial and constituted reversible error.

> The courts generally have held that it is improper for a trial judge to single out any one circumstance and give it undue emphasis. This is for the reason that it is well known that a jury is ordinarily influenced by the opinion expressed by the court. It is to guard against such a tendency and to guarantee an even contest on the facts that appellate courts have condemned this practice. Reversals have not always

resulted, because in some instances no prejudice could be shown. Where there is prejudice a reversal is proper. Whether there is prejudice depends upon the particular conditions as reflected by the record under consideration.

The court held in *Rutland* that the practice of giving instructions which single out or unduly emphasize specific aspects of the case is not commendable and in many cases calls for reversal. "But," the court stated, "the giving of such an instruction is not prejudicial error where the court in the whole charge directs the jury to consider all of the facts and circumstances provided in the case." The opinion further pointed out that the trial court failed to tell the jury that they should consider all the facts and circumstances in evidence and not single out any particular instruction or phase of the evidence. The general rule concerning the giving or failure to give an instruction is stated in *Purnell* v. *Missouri Pacific Railway Co.*, 235 Ark. 957, 362 S.W.2d 674 (1962): "It is well settled that when the correctness of an instruction to a jury is a question, the instruction complained of must be examined in conjunction with all the instructions given."

A case strongly favoring the argument of the appellants is that of *Harlan, et al.* v. *Curbo, Guardian*, 250 Ark. 610, 446 S.W.2d 459 (1971). The *Harlan* opinion concerned personal injuries received by several people as a result of an automobile collision. The court gave an instruction concerning the failure to use seatbelts when it had already given AMI 305(b), which explains the duty of all persons involved to use ordinary care for their own safety. The opinion held that the additional reference to the failure to use seatbelts was unnecessary and duplicative and also served to single out the particular fact for undue emphasis. The only evidence concerning seatbelts in the *Harlan* case was that belts were available but were not fastened at the time of the collision. The *Harlan* opinion reversed the action of the trial court as to one party and affirmed as to another. Thus, the facts of the case were considered not only as to the accident itself, but also as they related to each party claiming injuries. As to one party the facts required a reversal, and as to another an affirmance. This decision points out the necessity for considering the facts and circumstances of each case when it is alleged that an erroneous instruction was given or a correct instruction refused.

■ The assumption of a disputed fact in a jury instruction is prejudicial error. *Porter* v. *Lincoln*, 282 Ark. 258, 668 S.W.2d 11 (1984); and *Thiel* v. *Dove*, 229 Ark. 601, 317 S.W.2d 121 (1958). Even if one instruction does include the assumption of a disputed fact, it is not necessarily reversible error if another instruction leaves the fact question to be decided by the jury. *Porter* v. *Lincoln*, supra. We also held in *Porter* that "the instruction was a correct statement of the law and we will not reverse on the objection made." Instructions are not viewed in isolation but are considered together as a whole to ascertain whether the law applicable to the case at bar was correctly declared by the court. *Peters* v. *State*, 248 Ark. 134, 450 S.W.2d 276 (1970).

■ It is argued by the appellants that the instructions given over their objections incorporated essentially the same material as that included in other instructions already given. It is argued that the restatement of these same principles was prejudicial to the appellants. During the instruction conference, the court, considering proposed instruction number 16, stated: "I'm not telling the jury in this instruction that they are bound by the findings of those courts; I'm telling them the Weatherfords are bound by those findings." The essence of this instruction was that the Weatherfords were bound by the bankruptcy court's order concerning the bankruptcy and that they could not relitigate the issue before the present jury. We do not view these instructions as having bound the jury on any fact issue involved in this suit. Nor do we view the instructions or the interrogatory as a comment on the evidence by the trial court.

The appellants concede that instructions 13 and 16 were legally sound and expressed correct principles of law. That being so, we examine the record to determine whether the instructions amounted to comments by the trial court. A jury is ordinarily influenced by the opinion expressed by a trial judge. It is for that reason that a trial court is legally and morally bound not to express an opinion about the evidence in the case. To allow a comment by the trial court on the weight of the evidence or credibility of a witness would, in all probability, hinder the jury in its search for the truth.

At most, instructions 13 and 16 were repetitious because the

instructions were correct statements of the law. The objective of the trial court in the present case seems to have been directed at obtaining a trial which was an even contest on the facts of the case. The jury was specifically told not to consider one instruction to the exclusion of all others but rather to consider the instructions as a whole. The court further admonished the jury to apply the instructions to the facts in evidence. Moreover, the court instructed the jury: "I have not intended by anything I have said or done, or by any questions that I may have asked, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness who testified."

■ The giving of the disputed instructions in addition to other instructions on the same subject is a matter within the discretion of the trial court when AMI Civil 2d instructions fail to cover an issue. See *Center* v. *Johnson*, 295 Ark. 522, 750 S.W.2d 396 (1988). We have carefully read the abstracts and briefs and are unable to find that the trial court abused its discretion in giving these instructions or that any prejudice resulted from them. The record reveals some factual basis for the giving of the two instructions in controversy. Although the two instructions were not taken from the model instructions, the court stated its reasons for giving them. Even though the court did not follow the required procedure exactly, we are able to understand why the instructions were given. The model jury instructions do not contain instructions relating to attorney malpractice or bankruptcy cases. Therefore, in order to fully apprise the jury of the law as it relates to these facts, the court decided the instructions should be given.

■■ The per curiam by this court dated October 17, 1973, adopting the model instructions, states that when an AMI instruction cannot be modified the instruction on that subject should be simple, brief, impartial and free from argument. We are unable to say that the giving of the instructions, or the reading of the interrogatory, resulted in prejudice to the appellants. The action of the trial court consequently is affirmed.

Affirmed.