Jesse Robert FURR, Jr. *v.* STATE of Arkansas

CR 91-212                                   822 S.W.2d 380

Supreme Court of Arkansas
Opinion delivered January 21, 1992

*Billy J. Allred*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Jesse Robert Furr, was convicted of murder in the first degree and sentenced to life imprisonment in connection with the shooting death of his stepmother, Ruth Furr. He argues the Trial Court erred by refusing to direct a verdict in his favor because there was insufficient evidence that he possessed the necessary purposeful mental state. We affirm the conviction.

Furr lived with his father and stepmother near Huntsville. On the day the killing occurred, Furr got off work at 12:30 p.m., went home, and began drinking beer. His father and stepmother, and others present were also drinking. Eventually, everyone except Furr and his stepmother left the house.

According to Furr's testimony, the two began discussing the family's financial problems, and he told his stepmother, "Well, if you all ain't got no money, why don't you get rid of some of these guns?" He picked up a .22 caliber pistol, cocked it, and began pointing it around the room. Furr testified his finger accidentially hit the trigger, the gun went off, and the bullet struck his stepmother who was standing some five feet away from him at the kitchen sink.

Furr testified that after the shooting he saw that his stepmother was not breathing, and he panicked. He took some money, two pistols, and his stepmother's truck and left for Midland, Texas, where his mother lived. He testified he was afraid to call the police because he was on parole for a burglary committed in Texas and knew he could not possess any weapons.

Furr was apprehended in Texas and brought back to Arkansas. After being advised of his rights, Furr admitted his responsibility for the shooting but stated it was an accident. The sheriff testified Furr told him he had been drinking the day of the shooting and had a "buzz." He further told the officer "[I] was acting crazy with a .22 caliber revolver, pointing it around," and "I pointed it at her and touched the trigger and it went off." Furr

first told the sheriff he was standing across the room from his stepmother when the gun went off, but later said, "I could have been closer than I previously said."

Chief medical examiner, Dr. Famy Malak, testified the victim was shot once behind the left ear, and the bullet traveled down towards the right ear and entered the brain. A large amount of gunpowder residue was found inside and outside the wound. An autopsy revealed multiple fractures of the skull. According to Dr. Malak, gases had entered and expanded inside the brain leading to increased pressure there. This pressure caused a crack in the roof of the victim's left eye, and the eye was visibly swollen and discolored as a result. Based on the gunpowder residue inside the wound and the multiple fractures of the skull, Dr. Malak inferred that the gun had touched the victim's scalp when fired.

The jury was instructed on premeditated and deliberated capital murder and the lesser included offenses of murder in the first degree, murder in the second degree, and manslaughter.

### Substantial evidence

Murder in the first degree is purposely causing the death of another person. Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1991). "A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result." Ark. Code Ann. § 5-2-202(1) (1987).

On appeal from denial of a directed verdict, this Court reviews the evidence in the light most favorable to the appellee, in this case the State, and affirms if there is any substantial evidence to support the conviction. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion, passing beyond suspicion and conjecture. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989).

Intent is seldom capable of proof by direct evidence and must usually be inferred from the circumstances surrounding the killing. *Starling* v. *State*, 301 Ark. 603, 786 S.W.2d 114 (1990). The intent necessary for first degree murder may be inferred from the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds. *Williams* v. *State*, 304 Ark.

509, 804 S.W.2d 346 (1991); *Garza* v. *State*, 293 Ark. 175, 735 S.W.2d 702 (1987).

The evidence with respect to Furr's purposeful mental state at the time of the crime, viewed in the light most favorable to the State, was substantial. From Dr. Malak's expert testimony that the gun used in the shooting was fired at close, or point blank, range the inference could easily be drawn that it was the purpose of the person firing to kill the victim. One is presumed to intend the natural and probable consequences of one's act. *Tarentino* v. *State*, 302 Ark. 55, 786 S.W.2d 584 (1990). The jury was free to determine the weight to be given the expert testimony, and they could reject or accept all or any part of it they believed to be true. *Robertson* v. *State*, 304 Ark. 332, 802 S.W.2d 448 (1991).

The State also presented evidence that Furr stole some money, a truck, and two guns from his stepmother after the shooting and then fled the scene. Furr testified he had no intent to return the money or the guns. A jury could reasonably conclude from this evidence that Furr purposely killed his stepmother for financial reasons.

Furr claimed his finger accidentially hit the trigger, and the gun went off, but the trier of fact is not required to believe the testimony of any witness. This is especially true when the witness is the accused. *Harris* v. *State*, 294 Ark. 484, 743 S.W.2d 822 (1988).

We find the evidence supporting the conviction to have been substantial. The record of trial has been examined for error in accordance with our Rule 11(f), and we have found no errors prejudicial to Furr.

Affirmed.