**Tommy Ray SULLIVAN, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 90–2923.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1991.

Decided March 10, 1992.

---

**824**

Craig Lambert, Little Rock, Ark., for appellant.

Kyle R. Wilson, Little Rock, Ark., for appellee.

Before MCMILLIAN and JOHN R. GIBSON, Circuit Judges, and HUNTER,[*] Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Tommy Ray Sullivan appeals the judgment of the district court[1] denying his petition for writ of habeas corpus brought under 28 U.S.C. § 2254 (1988). Sullivan was convicted of capital murder and burglary and sentenced to life without parole and thirty years on the two charges, respectively. On appeal, he argues that the district court should have afforded him an evidentiary hearing; that a 1976 conviction for escape was improperly admitted against him to establish habitual offender status; that the state withheld *Brady*[2] materials relating to a plea bargain with one of the witnesses; that the evidence was insufficient to support a conviction for burglary; that his defense counsel was ineffective on eight grounds; that the lineup procedures to identify him violated due process; and, finally, that the district court abused its discretion in denying his motion

[*] THE HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

**1.** The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

**2.** *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

to relieve counsel and appoint substitute counsel. We affirm the judgment of the district court.

Sullivan was convicted of murdering Shirley Jackson, Brenda Robinson, and Karen Jackson in Shirley Jackson's residence. Shirley Jackson's seven-year-old daughter testified that she saw Sullivan with a gun in the hallway of the residence after the shooting, and there was also testimony that Sullivan made inculpatory remarks to other persons before and after the shooting. Sullivan was convicted of burglary and capital murder, and the Arkansas Supreme Court affirmed his conviction in *Sullivan v. State*, 287 Ark. 6, 696 S.W.2d 709 (1985). He sought postconviction relief in the Arkansas Supreme Court, which denied relief in an unpublished opinion. Sullivan then brought this action and the case was assigned to a magistrate judge[3] for a report and recommendation. Sullivan raised eight major issues before the magistrate judge, including nine specific sub-claims of ineffective assistance of counsel. The magistrate's report recommended that the writ be denied. The district court adopted the report and recommendation. *Sullivan v. Lockhart*, No. PB–C–88–224 (E.D.Ark. March 1, 1991).

■ Sullivan argues he was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel for failing to investigate and call certain witnesses, and his claim that the State withheld evidence of a deal with a witness, Charlotte Ellis. In his brief filed with his habeas petition, Sullivan stated that two potential witnesses, Lillie Randall and Cauleda Lewis, would have testified to prior inconsistent statements made by three of the State's witnesses, Charlotte Ellis, Annie Scott Calmes, and Angela Milton. Supposedly, Randall and Lewis would have testified that Charlotte Ellis and Annie Scott Calmes said police had "threaten[ed] them into lying against [Sullivan]." Further, Randall and Ellis would have said that Milton admitted she lied to the police about Sullivan be-

cause she did not have anywhere else to live except with Sullivan's sister. Both Randall and Ellis would have also testified that Calmes was mentally retarded. The testimony of Randall and Lewis about what other witnesses said to them would have been hearsay, and thus, inadmissable except for impeachment. In any case, defense counsel adduced testimony from both Ellis and Calmes that police had threatened to take their children away if they did not "cooperate." Defense counsel brought out in cross-examination that Calmes was mentally retarded and could not spell her own last name. Therefore, no hearing was necessary concerning the failure to call Lewis and Randall.

■ Sullivan claims that the State withheld evidence of an alleged deal it made with Charlotte Ellis, to drop charges of hindering apprehension of Sullivan in exchange for her testimony against him. We conclude that any such deal would not be material under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). The State argues that Ellis' testimony was not critical to its case, since two witnesses besides Charlotte Ellis testified that Sullivan had told them either the day before or the day of the murders that he planned to "shoot" or "kill" Brenda Robinson, his former girlfriend. Another witness testified that the day of the murders Sullivan told her that if he could not renew his former relationship with Robinson, he would do something he knew he would regret. Finally, Sonya Jackson, Shirley Jackson's seven-year-old daughter, testified that when she was awakened by the sound of gunfire she saw Sullivan, gun in hand, run down the hallway leading from the room where the bodies were found, pause in front of her bedroom door, and then flee from the house. The evidence, if any, about a deal with Charlotte Ellis thus would not be material within the definition of *Brady*, as Sullivan cannot show that there was a reasonable probability that the outcome of a trial would have

---

**3.** The Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas.

been different had the evidence been disclosed. *United States v. Wayne*, 903 F.2d 1188, 1192 (8th Cir.1990).

Sullivan argues that there was insufficient evidence to support the burglary conviction. The Arkansas Supreme Court summarily denied relief on this ground on the basis that such a claim was proper only on direct appeal. The magistrate judge found that there was sufficient evidence in the record to support submission of this charge. While this issue could be ruled on procedural default, we think it evident that there was sufficient evidence to support the finding of burglary. Sullivan argues that there was no evidence that he entered Jackson's house unlawfully. To the contrary, there was evidence of a forced entry into the house, since a window was broken the night of the murder and the glass and screen were removed to let someone reach inside to unlock the door.

Sullivan's next argument is that he was denied due process at sentencing, since the State improperly used a 1976 escape conviction to enhance his sentence as a habitual offender, though the record does not demonstrate that such was a felony conviction. Sullivan did not raise this argument before the magistrate judge or district court. The only argument raised was a double jeopardy argument that the State was permitted to use a misdemeanor conviction for escape to count as a felony for the purpose of sentencing Sullivan as a habitual offender. A double jeopardy claim is separate and distinct from a due process claim. The due process claim was not raised or considered by the court below, and we do not consider it here.

Sullivan next argues that the district court erred in denying Sullivan's motion to substitute counsel and his appointed counsel's motion to withdraw from representing Sullivan on his habeas petition. Since it rests within the district court's discretion whether to appoint counsel in a habeas proceeding, *Ferguson v. Jones*, 905 F.2d 211, 213–14 (8th Cir.1990), we will review the motions in this case under the same standard. Sullivan has raised no facts that indicate the district court abused its discretion in failing to appoint different counsel.

Sullivan also contends that the district court erred in concluding that the identification procedures used with Sonya Jackson were not impermissibly suggestive. There is no merit whatsoever to this claim. Sonya picked Sullivan's picture out of a six-photograph lineup in which he and two other subjects were dressed in jumpsuits which, though they were in fact issued by the jail, do not necessarily appear to be jail clothing. There was nothing to point to Sullivan's picture over the others, and the state court found the police did not prompt Sonya to pick Sullivan's picture. Sullivan has not pointed to any facts indicating the process was in any way skewed against him.

Finally, Sullivan raised numerous grounds from which he argued that he received ineffective assistance of counsel. Sullivan's ineffective assistance arguments were carefully considered by the magistrate judge, whose Report and Recommendation was adopted by the district judge, and after close examination we detect no error in the district court's ruling.

We affirm the judgment of the district court.