Ricky EDWARDS *v.* STATE of Arkansas

CR CR 92-94                                   842 S.W.2d 459

Court of Appeals of Arkansas
Division II
Opinion delivered December 9, 1992

*J.G. Molleston*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. A Ouachita County jury found Ricky Edwards guilty of the second degree murder of Annie Christopher. The circuit judge, following the recommendation of the jury, sentenced Edwards to twenty years in the Department of Correction. For reversal Edwards makes three arguments: (1) that the jury's verdict is not supported by substantial evidence; (2) that the court gave an incorrect instruction on second degree murder; and (3) that the court erred in excluding evidence offered to show the violent character of his brother, Billy Joe Weaver. We find no reversible error and affirm.

A person commits murder in the second degree if he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1) (Supp. 1991). A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such result. Ark. Code Ann. § 5-2-202(2) (1987). When the sufficiency of the evidence is challenged on appeal, we affirm the jury's verdict if it is supported by substantial evidence. *Franklin* v. *State* 308 Ark. 539, 825 S.W.2d 263 (1992). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another, without resort to speculation or conjecture. *Wooten* v. *State*, 32 Ark. App. 198, 799 S.W.2d 560 (1990). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Payne* v. *State*, 21 Ark. App. 243, 731 S.W.2d 235 (1987). The fact that evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which it may be inferred. *Ryan* v. *State*, 30 Ark. App. 196, 786 S.W.2d

835 (1990). While it is true that in the case at bar no motive for the killing was established, this does not necessarily render the evidence insubstantial. *See Dowell* v. *State*, 191 Ark. 311, 86 S.W.2d 23 (1935); *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984). Purpose and intent are frequently not subject to proof by direct evidence and may be inferred from the facts and circumstances of the case. *Furr* v. *State*, 308 Ark. 41, 822 S.W.2d 380 (1992). In considering the sufficiency of the evidence on appeal, we view it in the light most favorable to the State. *Bargery* v. *State*, 37 Ark. App. 118, 825 S.W.2d 831 (1992).

Annie Christopher, the victim, lived in a house in Stephens with her fifteen-year-old daughter, Kameka Smith, and other children. Kameka testified that sometime in the late evening hours of June 9, 1990, her mother came home with the defendant, Ricky Edwards. Her mother went into her room to lie down and Edwards followed her. About five minutes later Kameka and others asked Edwards if they could use his car to go to the store to get ice cream and he agreed. Kameka and the others returned in about an hour. When Kameka entered her mother's room she saw her mother on the floor with her head lying on the bed and the defendant lying in the bed, pretending to be asleep. When Edwards jumped out of bed Kameka saw blood on his pants. As Ms. Christopher was being taken to the hospital, Edwards said he did not want to go and Charles Baker, Kameka's boyfriend, dropped Edwards off at his uncle's house.

Baker's testimony was similar to that of Kameka Smith. He also testified that the defendant would not help carry Ms. Christopher to the car until he was asked "four or five times." Baker also testified that when Edwards jumped up out of bed he said, "I didn't do it." Another of Ms. Christopher's children, Corey, heard the defendant say, "I hope I didn't hurt that woman."

Ms. Christopher bled to death from a severe stab wound in the arm. A kitchen knife was found underneath a window of the front room of the house. Deputy Lamar Nowlin investigated the incident. He testified that the defendant asked him if Annie Christopher had any cuts on her body. Edwards told Nowlin that he did not own a knife and that if the victim was cut it must have been when she was being transferred from the car to the pickup

truck on the way to the hospital.

Ricky Edwards testified that he and Annie Christopher were both asleep in her room and that he knew nothing about the stabbing until he was awakened. The evidence in this case was circumstantial: no one saw the defendant stab the victim and no motive was established. Nevertheless, we hold that reasonable minds could reach the conclusion, without resort to speculation or conjecture, that the defendant did stab Ms. Christopher thereby causing her death. A defendant's improbable explanations of incriminating circumstances are admissible as proof of guilt. *Howard* v. *State*, 283 Ark. 221, 674 S.W.2d 936 (1984).

Edwards next contends that the trial court erred in excluding proffered evidence as to the reputation for violence of Billy Joe Weaver, the defendant's brother. Whether evidence is relevant is a decision within the sound discretion of the trial court. *See Skiver* v. *State*, 37 Ark. App. 146, 826 S.W.2d 309 (1992). Here, as the trial judge noted, there was no evidence to put Weaver at the Christopher house at the time of the stabbing. Furthermore, there was already in the record evidence that Ms. Christopher had lived with Weaver, that she had moved to a women's shelter because he had beaten her, and, through the testimony of Charles Baker, that Weaver had a reputation for violence in the community. It is not reversible error to exclude evidence which is merely cumulative. Ark. R. Evid. 403; *Graham* v. *State*, 2 Ark. App. 266, 621 S.W.2d 4 (1981).

Finally, Edwards argues that the court's instruction on second degree murder was reversible error. While we agree that the instruction given was incomplete, reversal is not required under the circumstances.

The defendant was charged with first degree murder and the court instructed on the lesser included offenses of second degree murder, manslaughter, and negligent homicide. The relevant portion of the court's charge was as follows:

### COURT'S INSTRUCTION NO. 9

Ricky Edwards is charged with Murder in the First Degree. This charge includes the lesser offenses of Murder in the Second Degree and Manslaughter, and Negligent Homicide.

You may find the defendant guilty of one of these offenses or you may acquit him outright.

If you have a reasonable doubt as to which offense the defendant may be guilty of, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to the defendant's guilt of all offenses, you must find him not guilty.

## COURT'S INSTRUCTION NO. 10

Ricky Edwards is charged with the offense of Murder in the First Degree. To sustain this charge, the State must prove the following things beyond a reasonable doubt.

That with the purpose of causing the death of any person, Ricky Edwards caused the death of Annie Marie Christopher.

\* \* \*

## COURT'S INSTRUCTION NO. 12

If you have a reasonable doubt of the defendant's guilt on the charge of Murder in the First Degree you will then consider the charge of Murder in the Second Degree.

## COURT'S INSTRUCTION NO. 13

Ricky Edwards knowingly caused the death of Annie Marie Christopher under circumstances manifesting extreme indifference to the value of human life.

\* \* \*

## COURT'S INSTRUCTION NO. 14

If you have a reasonable doubt of the defendant's guilt on the charge of Murder in the Second Degree you will then consider the charge on Manslaughter.

\* \* \*

To sustain this charge the State must prove beyond a reasonable doubt that:

Ricky Edwards recklessly caused the death of Annie Marie Christopher.

\* \* \*

## COURT'S INSTRUCTION NO. 16

If you have a reasonable doubt as to the defendant's guilt on the charge of manslaughter you will then consider the charge of negligent homicide. To sustain this charge, the State must prove beyond a reasonable doubt that Ricky Edwards negligently caused the death of Annie Christopher.

The court's instruction number 13 should have begun. "To sustain this charge, the State must prove beyond a reasonable doubt . . . ." For reversal appellant quotes language from *Weatherford* v. *Wommack*, 298 Ark. 274, 766 S.W.2d 922 (1989):

The assumption of a disputed fact in a jury instruction is a prejudicial error. Even if one instruction does include the assumption of a disputed fact, it is not necessarily reversible error if another instruction leaves the fact question to be decided by the jury. [Citation omitted.]

In the case at bar the jury was given, in addition to the instruction set out above, the general instruction found in Arkansas Model Jury Instructions, Criminal 107 on the burden of proof and Arkansas Model Jury Instructions, Criminal 109 on the presumption of innocence.

The omission of the prefatory language in the court's instruction on second degree murder was obviously inadvertent. Although the defendant offered a correct instruction, no specific objection was made to the court's incomplete one. Under similar circumstances, the supreme court in *Leonard* v. *State*, 251 Ark. 1090, 476 S.W.2d 807 (1972), said:

We cannot say that appellant's offered instruction constituted an objection to the omission he now complains of, because both the instruction given and the one offered were quite lengthy and covered the law governing numerous points. Such an offer does not adequately direct the court's attention to the fault in the comprehensive instruction of which complaint is now made. In such cases, we have said that if the court's mind had been directed to the

specific fault, the language would have been changed to meet the objection. We can say the same here. If appellant believed that the instruction was subject to misconstruction on the question of the burden of proof, it was incumbent upon him to call particular attention to this possibility, and his request for an instruction did not have that effect. [Citations omitted.]

*See also, Sammons* v. *State*, 211 Ark. 532, 201 S.W.2d 37 (1947). The same reasoning applies in the case at bar.

For the reasons stated the judgment of the circuit court is affirmed.

COOPER, and DANIELSON, JJ., agree.