Willie Keith PAIGE *v.* STATE of Arkansas

CA CR 93-275                                          870 S.W.2d 771

Court of Appeals of Arkansas
En Banc
Opinion delivered February 16, 1994

*James P. Massey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by a jury of second degree murder and sentenced to twenty years in the Arkansas Department of Correction and fined $15,000.00. On appeal, he argues that the evidence is insufficient to support his conviction. We affirm.

██ In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State and affirm if the verdict is supported by substantial evidence. *LaRue* v. *State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991). Substantial evidence is evidence which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resort to speculation or conjecture. *Kendrick* v. *State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992). In determining the sufficiency of the evidence, we do not weigh the evidence on one side against the other but simply determine whether the evidence will support the verdict. *Ward* v. *State*, 35 Ark. App. 148,

816 S.W.2d 173 (1991). The fact that evidence is circumstantial does not render it insubstantial as the law makes no distinction between direct evidence of a fact and circumstances from which it may be inferred. *Edwards* v. *State*, 40 Ark. App. 114, 842 S.W.2d 459 (1992). To be sufficient to sustain a conviction, the circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence. *Sheridan* v. *State*, 313 Ark. 23, 852 S.W.2d 772 (1993). This becomes a question for the fact-finder to determine. *Id.*

A person commits murder in the second degree if he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1) (Repl. 1993). A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. Further, a person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result. Ark. Code Ann. § 5-2-202(2) (Repl. 1993).

Earsie Flowers testified that on October 10, 1991, he witnessed a vehicle swerve off the road and collide with a telephone pole. James Johnson, a paramedic with MEMS, responded to the accident. He testified that he found the victim in the driver's seat of the car, and that the victim was not breathing, had no pulse, and was bleeding from his head. He further testified that, prior to moving the victim, he observed a gun between the victim's legs. Officer David Burns testified that when he responded to the accident, he made contact with the appellant who was sitting on the passenger side of the front seat. He stated that he noticed blood on the appellant's hands and the left side and back of the appellant's head. Officer Burns testified that he observed the gun on the seat between the victim's legs, somewhat under one leg. He stated that he retrieved the weapon and turned it over to Detective Tracy Roulston.

Detective Roulston testified that he investigated the incident, collected the evidence, and processed the crime scene. He stated there were blood splatters on the left outside of the vehicle which traveled from a front to back direction which indicated that the car was moving at the time they were made. He tes-

tified that he recovered one expended .380 cartridge casing from the front passenger floorboard and a bullet from the headliner of the vehicle above the driver's seat. He testified he also recovered a .380 automatic pistol from Officer Burns. Ronald Andrejack, a firearms examiner, testified that he determined that the .380 pistol was operable, that the discharged bullet was fired from the pistol, and that the discharged cartridge casing was fired in the pistol.

David De Jong, a forensic pathologist, testified that he performed an autopsy on the victim. He testified that the victim died from a gunshot wound to the right temple. He stated that the wound was a contact wound which indicated that the gun was held right against the head when fired. He testified that the bullet went through the brain and exited on the left side of the head. He further testified that the victim's wound was consistent with a wound made by a .380 caliber bullet.

Lisa Sakevicius, a criminalist with the Arkansas State Crime Laboratory, testified that the appellant and the victim both tested positive for gunshot residue. She stated that a person who tested positive had either discharged a weapon, was at close range when the weapon discharged, or had handled a recently discharged firearm. She testified that it was possible from the levels analyzed from the results of the appellant's kit that he could have fired a weapon. She testified that the appellant's right and left hands tested positive, with the highest levels on the back of the right hand. She said that it was unlikely that the level of residue on his right hand was deposited from picking up a recently discharged weapon for only a minute.

Nawodney Thomas testified that on the night of the shooting, the victim and the appellant came to his house. He stated that the victim pulled his pistol out and waved it at the appellant and then put it back in the car. He stated that the appellant then grabbed the gun, said, "I told you don't play," and shot it over the victim's head. He further stated that the appellant was upset that the victim had pointed the gun at him.

The appellant gave a taped statement to Detective Roulston which was played for the jury. The appellant stated that on the day of the shooting, the victim retrieved a .380 pistol from a

pawn shop. He stated that the victim later test fired the gun. Afterwards, he and the victim went riding around in the victim's vehicle. He testified that at one point they took Nawodney riding around with them. He testified that they went to get something to eat and that he fell asleep in the car. The appellant stated that he awoke when the vehicle crashed. He said that he shook the victim and because he would not wake up, he thought the victim had been knocked out. He stated that only the two of them were in the car. He further stated that he did not hear a gunshot and that he did not know how the victim had been shot. He said that in his opinion someone shot the victim from outside the vehicle and that the .380 was not the weapon used. He further stated that the only time he handled the pistol that day was when he picked it up with his right hand and handed it to the victim. He said that he had it in his hand for thirty seconds to a minute. He also stated that he did not fire the gun that day and that he had not had an altercation or conflict with the victim.

■■ The appellant contends that the State failed to produce substantial evidence from which the jury could reach its conclusion without having to resort to speculation or conjecture. We disagree. The evidence reveals that the victim was killed by a gunshot wound to the head which was made when the gun was pressed to the right side of the victim's head. The appellant was the only other person in the vehicle at the time the victim died, and the evidence indicates that the victim was shot with the .380 pistol found in the vehicle. Other testimony reveals that there had been an altercation or disagreement between the victim and the appellant and that the appellant had fired the gun in the car over the head of the victim. Although the appellant testified that he only handled the gun for a short moment and had not fired it that day, the trier of fact was not required to believe his testimony, since he was probably the person most interested in the outcome of the trial. *King* v. *State*, 42 Ark. App. 97, 854 S.W.2d 362 (1993). Furthermore, the testimony of Ms. Sakevicius indicates that the amount of gunshot residue on the appellant's hands was not consistent with picking up a gun and only holding it for a moment. The appellant also testified that he slept despite there being gunfire to his immediate left and that he thought someone from outside the vehicle had shot the victim. A defendant's improbable explanations of incriminating circumstances are admis-

sible as proof of guilt. *Edwards, supra.* Although the evidence in the case at bar was circumstantial, we hold that reasonable minds could reach the conclusion, without resort to speculation or conjecture, that the appellant shot the victim, thereby causing his death. Accordingly, we affirm.

Affirmed.

ROBBINS and MAYFIELD, JJ., dissent.

JOHN B. ROBBINS, Judge, dissenting. I must dissent from the majority opinion of this court which today holds that the second degree murder conviction of William Keith Paige is supported by substantial evidence.

Mr. Paige was the sole passenger in an automobile being driven by Herbert Waits on McCain Boulevard in North Little Rock. The auto was seen careening off the road and colliding with a telephone pole. Waits was dead when removed from the vehicle. The cause of death was a single gunshot from Waits' .380 caliber pistol while pressed against Waits' right temple. The pistol was found in the car seat between Waits' legs. The Arkansas State Crime Lab found gunshot residue on both of Waits' hands and both of Paige's hands.

The only reasonable inference which can be drawn from these facts is that one of these two men was suicidal. Either Waits shot himself, or Paige shot Waits while their auto was traveling down McCain Boulevard, which would be tantamount to a suicide attempt. There is absolutely no evidence that Paige had ever threatened suicide or given any indication that he was suicidal. There was testimony, however, that Waits was despondent because his wife had left him and had attempted suicide about two years earlier, and only three weeks earlier his wife left him again and Waits mentioned that he might attempt suicide again. There was further testimony that only some two or three hours prior to his death, Waits placed his gun to his head and said "You know, death ain't nothing but a word. I'll kill myself. I don't care."

Furthermore, there was no proof of any motive for Paige to kill Waits. These men worked together and were close friends. Paige had drunk fourteen cans of beer and a pint of E&J (brandy) that evening and had passed out in the passenger's seat of the

car. Under these circumstances his failure to recall having fired Waits' pistol earlier that evening is not unreasonable.

While it is true the jury must determine whether the circumstantial evidence is sufficient to exclude every other reasonable hypothesis consistent with a defendant's innocence, it is insufficient as a matter of law when the circumstantial evidence leaves the jury solely to speculation and conjecture as to a defendant's guilt. *See Hutcherson* v. *State*, 34 Ark. App. 113, 806 S.W.2d 29 (1991). This is such a case. There is no substantial evidence, direct or circumstantial, which would enable a jury to find Paige guilty of murder. I would reverse.

MAYFIELD, J., joins in this dissent.