65 F.3d 173
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael W. WILLIAMS, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 94-2844.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 27, 1995.
Filed: Aug. 28, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael W. Williams was convicted of first degree murder, kidnapping, and aggravated assault. He filed this 28 U.S.C. Sec. 2254 petition alleging that the evidence was insufficient to establish the necessary intent for first degree murder; that his trial counsel was ineffective for failing to investigate and secure witnesses who could support his affirmative defense of extreme emotional disturbance; and that he was denied counsel in presenting this ineffective-assistance claim in a motion under Arkansas Rule of Criminal Procedure 36.4. The district court[1] dismissed the petition, concluding that there was sufficient evidence Williams intended to kill the victim, and that his remaining claims were procedurally barred. Williams appeals and we affirm.
 
 
 2
 In view of evidence that the victim was shot in the abdomen and back with a .45 caliber pistol from a distance of a few feet, a rational trier of fact could have found, beyond a reasonable doubt, that Williams purposely shot and killed the victim. See Becker v. Lockhart, 971 F.2d 172, 175 (8th Cir.1992) (standard of review), cert. denied, 114 S. Ct. 98 (1993); Ark. Code Ann. Secs. 5-10-102(a)(2), 5-2-202(1) (Michie 1993) (requisite intent to sustain charge of first degree murder); Furr v. State, 822 S.W.2d 380, 381 (Ark.1992) (could easily infer purpose to kill where victim shot at close range); Garza v. State, 735 S.W.2d 702, 703 (Ark.1987) (intent may be inferred from type of weapon used; manner of its use; and nature, extent, and location of wounds).
 
 
 3
 Because we conclude, upon our review of the record, that Williams's ineffective-assistance claims are meritless, we do not address the procedural-bar issue. See Thornblad v. Olson, 952 F.2d 1037, 1038 (8th Cir.1992). Williams's trial counsel was not ineffective for failing to secure witnesses who could testify in support of his extreme-emotional-disturbance defense, as the substance of this testimony was otherwise brought out. See Sullivan v. Lockhart, 958 F.2d 823, 825 (8th Cir.1992). The jury heard testimony that Williams had experienced ongoing problems with the victim and other members of his ex-girlfriend's family because they disapproved of the couple's relationship; that he repeatedly called and threatened his ex-girlfriend following their breakup; that during the two-day period preceding the murder, he followed, shot at, and sideswiped her car, and kidnapped her at gunpoint, threatening to kill her and himself; and that on the night of the murder, he was "very tense, very persistent, and ... just kind of in a rage." (Trial Tr. at 124-32, 164.) After hearing such evidence, the jury was instructed on the extreme- emotional-disturbance defense, and simply rejected it. See Whitmore v. Lockhart, 8 F.3d 614, 618 (8th Cir.1993).
 
 
 4
 While the denial of counsel at the Rule 36.4 stage is presumed prejudicial, see Robinson v. Norris, No. 94-2965, slip op. at 5 (8th Cir. July 13, 1995), as we have concluded the claim Williams would have brought at this stage entitles him to no relief, this presumption has been overcome.
 
 
 5
 Accordingly, we affirm. Williams's "Motion for Court to Find Attorney of Record in Contempt" is denied.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas