# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3844

_____

Michael McRoberts,

        Appellant,

v.

Michael Bowersox,

        Appellee.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.

_____

Submitted: September 13, 2000
Filed: December 8, 2000

_____

Before HANSEN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

HANSEN, Circuit Judge.

Michael McRoberts appeals the district court's[1] denial of his 28 U.S.C. § 2254 petition for habeas corpus. We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

## I.

McRoberts was convicted by a Missouri state court jury of first degree murder and armed criminal action for the shooting death of Byron Lewis. He was sentenced to life imprisonment without the possibility of probation or parole on the murder count and twenty-five years of imprisonment on the armed criminal action count, to be served concurrently. After an evidentiary hearing was held pursuant to Missouri Supreme Court Rule 29.15, his motion for postconviction relief was denied. The Missouri Court of Appeals affirmed his conviction and the denial of his motion for postconviction relief. McRoberts then filed a § 2254 motion in district court raising four issues. The district court adopted the magistrate judge's report and recommendation and denied his § 2254 motion. We granted a certificate of appealability on the single issue of whether his trial counsel was ineffective for failing to call three witnesses who could have testified that they knew of no dispute between McRoberts and the murder victim.

## II.

The district court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. See Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir.), cert. denied, 2000 WL 1281483 (Oct. 30, 2000). "We may grant habeas relief on a claim that was adjudicated on the merits in state court only if it 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (citing 28 U.S.C. § 2254(d)(1)). In this case, petitioner must demonstrate, first, that his counsel's performance was deficient and, second, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

McRoberts contends that trial counsel's performance was deficient in failing to call three known witnesses who would have testified that they knew of no feud between

McRoberts and the victim but that they were aware of a dispute between Antoni Horton, a state's witness, and the victim. McRoberts asserts that had these three witnesses so testified, the jury would have acquitted McRoberts because they would have been shown that Horton had a greater motive to kill the victim than McRoberts.

At the state evidentiary hearing, McRoberts failed to present the witnesses, and therefore, there is no way to ascertain what their testimony may have been. In addition, even if the asserted witness testimony had come in, it is unlikely the outcome would have been different given the substantial evidence against McRoberts, including his own admission to a friend that he "just shot a dude." McRoberts has not demonstrated that trial counsel's performance constituted ineffective assistance under <u>Strickland</u>.

### III.

Consequently, we affirm the judgment of the district court. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

3