# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2571

_____

| | |
|---|---|
| Paul Anderson, | * |
| | * |
| Petitioner-Appellant, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    Eastern District of Missouri. |
| Michael Bowersox, | * |
| | * |
| Respondent - Appellee. | * |

_____

Submitted:  April 13, 2001

Filed: August 22, 2001

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Missouri inmate Paul Anderson appeals the district court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He argues that he is entitled to federal habeas relief because his trial counsel was ineffective for failing to cross examine a witness regarding the witness's agreement to testify in exchange for leniency, and because his appellate counsel was ineffective for failing to argue that the government's failure to disclose that agreement violated Anderson's right to the

---

[1]THE HONORABLE JEAN C. HAMILTON, Chief Judge of the United States District Court for the Eastern District of Missouri.

disclosure of material exculpatory evidence under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). We affirm.

In December 1989, Anderson robbed and murdered an elderly couple at their home in St. Louis County. Anderson then drove the victims' car to the home of his fourteen-year-old friend, Tony Brumfield, who had helped plan the robbery. Anderson and Brumfield went on a shopping spree with the victims' credit cards until a frightened Brumfield told his mother what had happened. When arrested, Anderson first told police that Tony had shot the victims but then confessed that he committed the robbery and murders alone. Anderson committed his confession to audiotape, went with police to be photographed identifying the victims' stolen car, conducted a videotaped reenactment of the crime at the victims' home, and then made a second audiotaped statement in which he admitted planning the robbery and murders.

Anderson was charged with multiple counts of murder, robbery, burglary, and armed criminal action. The murder charges were severed and tried first. Anderson was convicted of two murders and received two consecutive life sentences. Six months after the murder conviction, Anderson was tried and convicted of the robbery, burglary, and armed criminal action charges. He was sentenced to 144 years in prison for these offenses, consecutive to the life sentences for murder.

Anderson's multiple confessions were received into evidence at both trials. Tony Brumfield was also a witness for the prosecution in both trials. He testified that Anderson revealed his plan to rob the victims on the night before the crime. Early the next morning, Anderson retrieved his gun from Brumfield's house and later returned and told Brumfield he had robbed and killed the victims. Anderson showed Brumfield a wallet with the victims' credit cards. Brumfield hid most of its contents under his mattress, and he and Anderson then took some of the credit cards and went on a shopping spree. On cross exam at the second trial, Brumfield admitted he had just been

released from two years in juvenile custody following his plea of guilty to two counts of first-degree murder.

Anderson filed Rule 29.15 motions for state post-conviction relief in both cases. In the murder case, the post-conviction record included an October 1990 juvenile court order continuing custody of Brumfield for an unspecified period at the Lakeside Center juvenile facility. Paragraph 5 of that order recited:

> As a specific condition of probation, the juvenile is ordered to cooperate with the St. Louis County Prosecuting Attorney in the prosecution of Paul Anderson and Dana Ruff [Anderson's girlfriend].

The trial courts separately denied both Rule 29.15 motions. In the murder case, the Missouri Court of Appeals affirmed Anderson's consolidated direct and post-conviction appeals in a published opinion. State v. Anderson, 862 S.W.2d 425 (Mo. App. 1993). In the second case, a different division of the Missouri Court of Appeals affirmed his consolidated direct and post-conviction appeals in an unpublished memorandum and order. In 1997, Anderson filed a motion to recall the mandate, alleging ineffective assistance of appellate counsel in both cases. The Missouri Court of Appeals denied that motion in each case.

Anderson then filed this § 2254 petition in district court, alleging several grounds for relief from the second conviction for robbery, burglary, and armed criminal action. The district court denied the petition without a hearing. Anderson appeals, raising two issues -- ineffective assistance of trial counsel for failing to cross examine Brumfield regarding a "deal" with the authorities not to be prosecuted as an adult in exchange for testifying against Anderson, and ineffective assistance of appellate counsel for failing to raise as plain error on direct appeal the prosecution's Brady violation in not disclosing Brumfield's deal. To prevail on either claim of ineffective assistance, Anderson must demonstrate that counsel's performance was deficient and that "there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). He is entitled to federal habeas relief only if the state courts' rejection of these claims (i) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (ii) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2); <u>see</u> <u>Dye v. Stender</u>, 208 F.3d 662, 665 (8th Cir. 2000).

**Ineffective Assistance of Trial Counsel.** Anderson argues that trial counsel was ineffective for failing to cross examine Brumfield regarding his alleged agreement to testify against Anderson in exchange for leniency. The state courts first rejected this claim because Anderson's Rule 29.15 motion failed to allege facts that would support a claim for relief. We agree. The juvenile court order was part of the post-conviction record in the murder case. But in this case, Anderson simply alleged that trial counsel was ineffective in not cross examining Brumfield "concerning whether a deal had been made not to certify him as an adult to stand trial on the offenses charged, if he testified for the state against the movant." He did not allege that such a deal existed, and he did not submit a copy of the juvenile court order. Nor did he allege why trial counsel on cross exam established Brumfield's two-year juvenile detention for murder, but stopped short of asking Brumfield whether he had agreed to testify against Anderson. "There is a strong presumption that counsel's challenged actions or omissions were, under the circumstances, sound trial strategy." <u>Garrett v. Dormire</u>, 237 F.3d 946, 949-50 (8th Cir. 2001). Thus, the state courts did not unreasonably apply <u>Strickland</u> in concluding that Anderson's Rule 29.15 motion did not make a prima facie showing of deficient performance by trial counsel. <u>See</u> <u>Mills v. Armontrout</u>, 926 F.2d 773, 774 (8th Cir. 1991) (counsel's failure to disclose a crucial witness's deal with the prosecution "was a reasoned choice of strategy").

-4-

Alternatively, the state courts denied Anderson post-conviction relief for failure to show <u>Strickland</u> prejudice, that is, a reasonable probability that the outcome of the second trial would have been different had counsel cross examined Brumfield regarding his agreement "to cooperate . . . in the prosecution of Paul Anderson." Again, we agree. Given Anderson's multiple confessions and the other evidence against him, and the likelihood that the jury inferred Brumfield had agreed to cooperate from the more limited cross examination that was conducted, there is simply no basis to infer that the missing impeachment would have impacted the second trial. <u>See</u> <u>McRoberts v. Bowersox</u>, 234 F.3d 1021, 1022-23 (8th Cir. 2000); <u>Byrd v. Delo</u>, 917 F.2d 1037, 1044 (8th Cir. 1990). Thus, the state courts' decision that Anderson failed to show prejudice was not an unreasonable application of <u>Strickland</u> nor an unreasonable determination of the facts of record.

**Ineffective Assistance of Appellate Counsel.** Anderson next argues that his appellate counsel was ineffective for failing to argue on direct appeal that the prosecution violated <u>Brady</u> by failing to disclose Brumfield's agreement to cooperate. This claim is procedurally barred. Anderson asserts that he learned of Brumfield's "deal" with the prosecution during post-conviction proceedings in the murder case. Accordingly, this information was not part of the record on direct appeal from his conviction for robbery, burglary, and armed criminal action, so it could not have been the basis for a plain error challenge by appellate counsel. The information was available for the second Rule 29.15 post-conviction proceeding, but the <u>Brady</u> issue was not raised. Thus, the <u>Brady</u> issue was defaulted in the state courts because post-conviction counsel did not raise it in the second Rule 29.15 proceeding. Ineffective assistance of post-conviction counsel may not be the basis of federal habeas relief. <u>See</u> <u>Reese v. Delo</u>, 94 F.3d 1177, 1182 (8th Cir. 1996).

Alternatively, we agree with the district court that Anderson's <u>Brady</u> claim fails on the merits because he failed to show that the allegedly suppressed evidence was material. In <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985), the Supreme Court

adopted the prejudice test from <u>Strickland</u> for determining when withheld exculpatory evidence is material under <u>Brady</u> -- petitioner must show "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." We have rejected Anderson's first claim in part because trial counsel's failure to bring out Brumfield's "deal" on cross exam did not result in <u>Strickland</u> prejudice. For the same reasons, the prosecution's failure to disclose that deal was not material under <u>Brady</u>. <u>See</u> <u>Dye</u> 208 F.3d at 666-67; <u>Sullivan v. Lockhart</u>, 958 F.2d 823, 825-26 (8th Cir. 1992). Therefore, appellate counsel was not ineffective in failing to raise the <u>Brady</u> issue for plain error review on direct appeal, even if the record on appeal could have supported such a claim.

Having rejected Anderson's habeas claims on the merits, we need not consider various procedural issues respondent has raised on appeal. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.