# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2014

Lyle W. Cayce
Clerk

No. 13-50547
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRE BARLOW,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-57

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Andre Barlow challenges the 36-month prison sentence imposed following revocation of his supervised release. For the first time in this appeal, Barlow contends that this sentence was erroneous because it overstates the seriousness of his violations and failed to reflect his personal circumstances.

This court typically reviews revocation sentences under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50547

2011).  However, because Barlow did not object to the revocation sentence in the district court, his challenge to this sentence is considered for plain error only.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Barlow makes such a showing, this court has the discretion to correct the error but will do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citations omitted).

The plain error standard has not been met.  "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum."  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citations omitted) (collecting cases).  Barlow has not demonstrated that the district court considered an impermissible factor.  *See Miller*, 634 F.3d at 844.  Barlow's arguments amount to no more than a disagreement with the district court's weighing of the applicable sentencing factors that does not show error, plain or otherwise, in connection with the his sentence.  *Cf. United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013).

AFFIRMED.