Charles James ROBINSON *v.* STATE of Arkansas

CR 87-48                                   732 S.W.2d 159

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*William R. Simpson, Jr.*, Public Defender, *Arthur L. Allen,* Deputy Public Defender, by: *Steff Padilla*, Deputy Public

Defender, for appellant.

*Steve Clark*, Att'y Gen., *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals his convictions for rape, robbery and theft of property for which he was sentenced, respectively, as a habitual offender, to life imprisonment, a forty-five-year term, and a twenty-year term, sentences to run consecutively. For reversal, he contends his due process rights were violated by the admission of an in-court identification because the pre-trial identification procedure was unnecessarily suggestive. We affirm.

The evidence showed that appellant entered the victim's place of employment in the early afternoon of February 17, 1986, and, after browsing around the store for about thirty minutes, approached the victim and told her he had a gun. As he directed, she put money from the store as well as her own purse in a bag. Appellant then forced her into a downstairs storage area where he raped her. He fled the scene in the victim's car. Appellant was arrested early on March 2, driving the victim's car.

The victim was called to the police station on the morning of March 2, and was placed in a room with ten to twelve other persons who were waiting to view lineups. The victim was the third person called to view the lineup, and she identified appellant as her attacker. Appellant contends the pre-trial identification procedure was suggestive because before she identified appellant, the victim may have heard a statement made by another of appellant's alleged rape victims that, "He's there." Appellant also argues the lineup was tainted because (1) the victim knew the police had a suspect when she was called to the station, (2) she only saw her assailant for approximately forty-five minutes and was upset and scared during that time, (3) she was only able to give a general description at the time of the incident, and (4) she was unable to pick appellant out of a previous lineup.

The factors to be considered in lineup identification cases are opportunity of the victim to observe the crime and its perpetrators, the lapse of time between the crime and the lineup, discrepancies between descriptions given the police and the defendant's true physical characteristics, the occurrence of pre-

trial misidentification, the certainty of the witnesses in identifying the accused, and the totality of the facts and circumstances regarding the identification. *Manson* v. *Brathwaite*, 432 U.S. 98 (1977); *Frensley* v. *State*, 291 Ark. 268, 724 S.W.2d 165 (1987). The trial court held an omnibus hearing at which time it was able to consider these factors and determine whether the pretrial procedures tainted the in-court identification. It ruled there was no taint.

Upon our review of the record, there is no evidence that any objectionable discussion took place in the room among those gathered there to view the lineup prior to the victim's identification of appellant. While another alleged rape victim testified she told another woman she had seen "him," there is nothing in the record to indicate appellant's victim heard the remark or any other remark before she identified appellant. She stated she got a good look at her assailant and was able to pick him out of the lineup easily. The lineup was held within a few weeks of the assault, and there is no evidence the victim viewed appellant in a previous live or photographic lineup and failed to identify him.

As the court stated in *Penn* v. *State*, 284 Ark. 234, 681 S.W.2d 307 (1984), the appellate court does not inject itself into the process of determining reliability unless there is a very substantial likelihood of misidentification. Once the trial court permits the use of identification testimony as evidence, it is for the jury to decide what weight it is to be given. *Penn, supra.*

The trial court's ruling that the lineup procedure was not unduly suggestive was not clearly erroneous. Therefore, we affirm.

Affirmed.