Charles James ROBINSON *v.* STATE of Arkansas

CR 87-103                                    737 S.W.2d 153

Supreme Court of Arkansas
Opinion delivered October 5, 1987

*William R. Simpson, Jr.*, Public Defender, by: *Steff Padilla*, Deputy Public Defender, for appellee.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. A single information alleged that the appellant, Charles James Robinson, raped and robbed three different women on three different dates. The cases were severed and appellant was tried before a jury and received two ninety-nine year sentences as a habitual offender for the rape and aggravated robbery of the victim in the present case. On appeal appellant argues that the in-court identification should have been suppressed and that the evidence does not support the conviction for aggravated robbery. We find neither argument persuasive and therefore affirm the action taken by the trial court.

In *Robinson v. State*, 293 Ark. 51, 732 S.W.2d 159 (1987), we considered the same pre-trial lineup because all three of the rape victims identified the appellant at that time. It is unnecessary to repeat the lineup facts set out in detail in *Robinson v. State, supra*, except to add that after the victim in the present case viewed the lineup, another victim replied "Yes" to her inquiry, "Did you see him?"

It is reasonable to assume that pre-trial identification may have a great bearing on the in-court identification. Therefore, the trial court should carefully examine the reliability of the pre-trial identification from a totality of the circumstances. If the pre-trial identification procedures do not produce a substantial likelihood of misidentification, the trial judge should allow the identification evidence to be submitted to the jury for a determination of credibility. *Manson v. Brathwaite*, 432 U.S. 98 (1977); and *Frensley v. State*, 291 Ark. 268, 724 S.W.2d 165 (1987).

In the present case the victim was face to face with her assailant in a lighted room for several minutes. She talked to him and observed him walking about the room. She faced him during the rape. After the crime she gave an accurate general description of his physical appearance and furnished a detailed description of his clothing as well as the knife he used to threaten her. She immediately and positively identified the appellant as her assail-

ant at a pre-trial lineup two months later.

There is no evidence to support the appellant's argument that the pre-trial identification was suggestive. Obviously, the victim knew the police had a suspect or they would not have asked her to view the lineup. Neither the officers nor the other victims indicated to the victim who to pick in the lineup. We hold that the pre-trial lineup was not suggestive and the victim's identification was reliable.

The second argument is that the evidence was insufficient to prove the appellant had the intent or purpose to commit aggravated robbery. The evidence in the light most favorable to the appellee showed that after the appellant put a knife to the victim's throat, she told him she would give him all of her money if he would go away and leave her alone. She later gave him one hundred and eighty-seven dollars.

Intent or purpose to commit a crime can be formed in an instant. *Parker* v. *State*, 290 Ark. 158, 717 S.W.2d 800 (1986) and *Westbrook* v. *State*, 265 Ark. 736, 580 S.W.2d 702 (1979). Also, a person is presumed to intend the natural and probable consequences of his acts. *Jackson* v. *State*, 290 Ark. 160, 717 S.W.2d 801 (1986). Since intent cannot ordinarily be proven by direct evidence, the members of the jury are allowed to draw upon their common knowledge and experience to infer it from the circumstances. *Kinsey* v. *State*, 290 Ark. 4, 716 S.W.2d 188 (1986).

A challenge to the sufficiency of the evidence will be upheld if there is substantial evidence to support it. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The victim testified that after the appellant placed a knife to her throat, she unwillingly offered him all of her money. When he accepted the victim's money, the appellant clearly demonstrated his intent to rob her. We hold that there is substantial evidence to sustain the verdict and the convictions.

Affirmed.