Gary TARENTINO *v.* STATE of Arkansas

CR 89-225                                      786 S.W.2d 584

Supreme Court of Arkansas
Opinion delivered April 2, 1990

56

*Val P. Price*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. Appellant was convicted of battery in the first degree. He contends that there was insufficient evidence to convict him because the state failed to prove the requisite mental state and further failed to prove that serious physical injury occurred to the victim. Finding no error we affirm.

On May 29, 1989, at 3 a.m., appellant Tarentino went to the house of Terry Cason. His admitted purpose in going to Cason's house was to "beat him up" because Cason had allegedly been harassing Tarentino and his wife. He had originally planned to beat Cason with his fists and had even worn leather gloves for the purpose of inflicting a more painful blow. When he entered Cason's house, he found him asleep on the couch. Spying a baseball bat, he picked it up and hit Cason in the head with it.

When Cason tried to crawl away, Tarentino hit him in the head two more times and then left the house.

Cason sought medical attention the next day. He testified that, as a result of the beating, he suffered a fractured skull, spent $13\frac{1}{2}$ days in the hospital and incurred medical bills of $8,000. Cason remained under a doctor's care until July 1989.

In addition to testimony, the state offered several photographs into evidence which graphically depicted Cason's head wounds. Photographs of the crime scene were also offered. These photos indicated a large amount of blood was lost by Cason as a result of the beating.

Tarentino claims that his motion for a directed verdict should have been granted because the state's proof failed in two respects: (1) there was no evidence that it was his purpose to cause serious physical injury to his victim, and (2) he did not actually cause serious physical injury as defined by statute.

A directed verdict motion is a challenge to the sufficiency of the evidence. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). We affirm the trial court's denial of a directed verdict if there is substantial evidence to support the conviction. Substantial evidence is evidence of a sufficient force that it will compel a conclusion one way or another, inducing the mind to pass beyond suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). We review the evidence in the light most favorable to the appellee, considering only the testimony which tends to support a guilty verdict. *Shaw* v. *State*, 299 Ark. 474, 773 S.W.2d 827 (1989). Circumstantial evidence may constitute substantial evidence. *Hill* v. *State*, 299 Ark. 327, 773 S.W.2d 424 (1989).

There are four sets of circumstances in which a person may commit first degree battery. *See* Ark. Code Ann. § 5-13-201(a) (Supp. 1989). The three circumstances which could be relevant in this case are:

> (1) With the purpose of causing serious physical injury to another person he causes serious physical injury to any person by means of a deadly weapon; or
>
> (2) With the purpose of seriously and permanently disfiguring another person or of destroying, amputating or

permanently disabling a member or organ of his body, he causes such an injury to any person; or

(3) He causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life.

The main way in which first degree battery differs from second and third degree battery is the state of mind of the actor. To be convicted of first degree battery, a defendant must act with the purpose of causing serious physical injury to another person.

A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or cause such a result. Ark. Code Ann. § 5-2-202(1) (1987). A person's state of mind at the time of a crime is seldom apparent. One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by facts and circumstances shown in evidence. *Chaviers* v. *State,* 267 Ark. 6, 588 S.W.2d 434 (1979). Since intent cannot be proven by direct evidence, members of the jury are allowed to draw upon their own common knowledge and experience to infer it from the circumstances. *Robinson* v. *State,* 293 Ark. 243, 737 S.W.2d 153 (1987); *Johnson* v. *State,* 276 Ark. 56, 632 S.W.2d 416 (1982). Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his acts. *Jackson* v. *State,* 290 Ark. 160, 717 S.W.2d 801 (1986)

The gist of Tarentino's argument is that, while he meant to hurt Cason, he did not mean to inflict serious physical injury on him. He points to the fact that he did not take the baseball bat with him but used it only after he discovered it at Cason's house. We find there was substantial evidence from which the jury could have found that Tarentino did intend to cause serious physical injury.

It makes little difference that Tarentino did not take the bat with him to Cason's house. He could have formed the requisite intent after he arrived at the house. Purpose to commit a crime can be formed in an instant. *Robinson* v. *State, supra.* Also, a person intends the natural and probable consequences of his acts. If one hits a sleeping man in the head three times with a

baseball bat, a natural and probable consequence of that act is serious physical injury.

There is ample evidence from which the jury, using its common sense, could have inferred that Tarentino intended to cause serious physical injury: the fact that Cason was struck three times, the severity of the blows as evidenced by the photographs, the fact that the blows were delivered to the head, and Tarentino's obvious anger. The judge properly refused to direct a verdict on this issue.

Tarentino's argument that Cason did not suffer serious physical injury must also fail. Serious physical injury is defined as physical injury that creates a substantial risk of death or that cause protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Ark. Code Ann. § 5-1-102(19) (1987). In contrast, ordinary physical injury means impairment of physical condition or the infliction of substantial pain. Ark. Code Ann. § 5-1-102(14) (1987).

A serious physical injury was found to have occurred in *Henderson v. State*, 291 Ark. 138, 722 S.W.2d 842 (1987), where the victim was shot in the right knee and once in the left foot. She was hospitalized for one day and night and missed one month of work. Serious physical injury was also found in *Lum v. State,* 281 Ark. 495, 665 S.W.2d 265 (1984), where the appellant struck the victim three times with his fist. The victim suffered three fractures in her face, had impaired vision, and suffered a loss of feeling in part of her face. In *Harmon v. State*, 260 Ark. 665, 543 S.W.2d 43 (1976), serious physical injury was found when the victim suffered a broken leg, fractured toe, and a bruised heel and pelvis, was hospitalized for a month and was still on crutches at the time of the trial.

The court of appeals addressed the issue of serious physical injury in *Cook v. State*, 2 Ark. App. 278, 621 S.W.2d 224 (1981), where a scuffle occurred among a number of "friends." The court found serious physical injury when one man suffered a ten inch cut from the navel to the hipbone.

The injuries suffered by the victim in this case were at least as serious, if not more serious, than those suffered by the victims

in these cases.

Viewing the evidence in the light most favorable to the state, there was substantial evidence from which the jury could have found that Tarentino acted with the purpose of causing serious physical injury and that such injury was in fact suffered by the victim.

Affirmed.