Derrick KENDRICK *v.* STATE of Arkansas

CA CR 91-143                                     823 S.W.2d 931

Supreme Court of Arkansas
Opinion delivered February 19, 1992

*William R. Simpson, Jr.*, Public Defender, by: *Jerry J. Sallings*, Chief Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y

Gen., for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant was convicted of attempt to commit burglary, aggravated assault, and fleeing. He raises two points on appeal. We affirm.

On September 21, 1990, two Little Rock police officers responded to a call that a burglary was in progress at a residence located at 2426 Louisiana Street. The officers split up and walked around to the back of the house where they found appellant kneeling by a back door. Officer Davis testified that he saw appellant with something in his hand trying to pry open the door. After seeing Officer Davis, appellant got up and walked in the direction of where Officer Smith was positioned. Officer Smith yelled at the appellant to stop and drop the knife he was carrying. Officer Smith testified that appellant ran but was unable to escape as he was positioned between both officers. Appellant denied having been told to drop the knife and testified that he did not have a knife at this time.

Officer Davis testified that when appellant apparently realized he was not able to escape, he "took a step toward me and then wheeled around toward Officer Smith with the knife pointed out in what we conceived as a threatening manner," so as to "cut or stab somebody." Officer Smith testified that appellant had the knife pointed toward the officer and that, "it appeared as though he was fixing to lunge forward with it." Officer Smith hit appellant with his baton, knocking him to the ground. He was apprehended and the knife was confiscated.

Appellant contends that there was insufficient evidence to sustain his conviction for attempted burglary. In a challenge to the sufficiency of the evidence, the appellate court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *Hutcherson* v. *State*, 34 Ark. App. 113, 806 S.W.2d 29 (1991). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Ward* v. *State*, 35 Ark. App. 148, 816 S.W.2d 173 (1991). The fact that evidence is circumstantial does not render it insubstantial. *Sweat* v. *State*, 25 Ark. App. 60, 752 S.W.2d 49 (1988). When circumstantial evidence alone is relied upon, it

must indicate the accused's guilt and exclude every other reasonable hypothesis. *Ward*, 35 Ark. App. 148. It is only when the circumstantial evidence leaves the jury solely to speculation and conjecture that it is insufficient as a matter of law. *Id.*

Arkansas Code Annotated § 5-3-201(a)(2) (1987) states that a person attempts to commit an offense if he purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be.

Arkansas Code Annotated § 5-39-201 (1987) states that a person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

▇▇ There does not appear to be any rational reason to explain why appellant was kneeling by the back door of the victim's home at night prying at the door with a knife and when approached, attempting to flee except that he was attempting to commit burglary. The fundamental theory, in absence of evidence of other intent or explanation for breaking or entering an occupiable structure at night, is that the usual object or purpose of burglarizing an occupiable structure at night is theft. *Cristee v. State*, 25 Ark. App. 303, 757 S.W.2d 565 (1988). The actions of an accused fleeing from the scene of a crime is a circumstance that may be considered with other evidence determining guilt. *Id.*

▇ The existence of criminal intent or purpose is a question of fact to be determined by the trier of fact when criminal intent may be reasonably inferred from the evidence. *Id.* The trier of fact resolves any conflicts in testimony and determines the credibility of the witnesses, and its conclusion on credibility is binding on the appellate court. *Sweat*, 25 Ark. App. 60 We find there is substantial evidence to confirm appellant's attempted burglary conviction.

Appellant next contends that there was insufficient evidence to sustain his conviction of aggravated assault. The testimony from the officers was that they identified themselves as police officers, and told appellant to drop the knife but he refused. They stated that appellant turned toward Office Smith, pointed the

knife toward him, and "appeared as though he was fixing to lunge forward with it."

Appellant states that there was a four-foot-high chain link fence between him and Office Smith, that he held the knife in his hand just above his waist, and that he was about four to five feet away from Officer Smith. Thus, appellant concludes that there was no proof of substantial risk of death or serious physical injury to the officer. However, appellant testified, in response to questions from the prosecuting attorney that he was close enough to the officer to strike him with the knife. It should be noted that at trial, appellant denied having possession of a knife when confronted by Officer Smith, but admitted being in possession of a knife at the time in question in his appellate brief. Surely if the officer was close enough to strike appellant on the head, and abdomen with his baton, appellant was close enough to the officer to stab him or cause him serious physical harm.

Arkansas Code Annotated § 5-13-204(a) (1987) states that a person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person.

A person's state of mind at the time of a crime is seldom apparent. *Tarentino* v. *State*, 302 Ark. 55, 786 S.W.2d 584 (1990). One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by the facts and circumstances in evidence. *Id. Chaviers* v. *State*, 267 Ark. 6, 588 S.W.2d 434 (1979). Since intent cannot be proven by direct evidence, the factfinder is allowed to draw upon his own common knowledge and experience to infer intent from the circumstances. *Robinson* v. *State*, 293 Ark. 243, 737 S.W.2d 153 (1987). Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends, a presumption exists that a person intends the natural and probable consequences of his acts. *Tarentino*, 302 Ark. 55. From the testimony describing appellant's actions, there is substantial evidence to conclude that he acted under circumstances manifesting an extreme indifference to the value of human life and purposely engaged in conduct that created a substantial danger of death or serious physical injury.

Affirmed.

JENNINGS and ROGERS, JJ., agree.