Lonnie SMITH *v.* STATE of Arkansas

CA CR 98-953                                986 S.W.2d 137

Court of Appeals of Arkansas
Division I
Opinion delivered March 3, 1999

*Thomas B. Devine, III,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellant was convicted by a jury of kidnapping and aggravated robbery. He was fined $3000.00 for the kidnapping conviction and sentenced to ten years for aggravated robbery. On appeal, appellant only challenges the sufficiency of the evidence with regard to the aggravated-robbery conviction. We affirm.

The record indicates that on February 6, 1997, Mondarrow Brown, Jeffery Brown, Ahmad Kidd, and Alfred Boyd went to the house of Stephanie Paxton for a party. After these men left the house, Ms. Paxton believed that these individuals had stolen her car stereo. Ms. Paxton, Antonio Maxwell, Frank Crae, Marcus Jones, and appellant, drove around in Ms. Paxton's car looking for the other individuals. Appellant and the others pulled in behind the victim and his friends. The men got out of each car and words were exchanged and shots were fired. Jeffery Brown and Ahmand Kidd got back in their car and left Mondarrow Brown, the victim, by himself to deal with appellant and the other men. Appellant and the other men beat Mr. Brown. They put the victim in the back seat of their car between appellant and Marcus Jones. The victim was blindfolded and driven around for three hours. During this time, he was beaten, threatened, and questioned about the stereo. Also, his clothes, money, rings, earrings, and socks were taken off and thrown out of the car. At one point, appellant held a knife to the victim's throat threatening to kill him. Appellant and the others finally released appellant in Redfield.

Appellant argues on appeal that there was insufficient evidence to support aggravated robbery because there was no intent to commit a theft. Appellant asserts that in an effort to teach Mr. Brown a lesson, Mr. Brown's clothes and other property were taken from him and thrown out of the vehicle.

Arkansas Code Annotated section 5-12-103 (Repl. 1997) provides:

(a) A person commits aggravated robbery if he commits robbery as defined in § 5-12-102, and he:

(1) Is armed with a deadly weapon or represents by word or conduct that he is so armed; or

(2) Inflicts or attempts to inflict death or serious physical injury upon another person.

A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another. Ark. Code Ann. section 5-12-102 (Repl. 1997). A person commits theft of property if he knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof. *Ashe v. State*, 57 Ark. App. 99, 942 S.W.2d 267 (1997); Ark. Code Ann. section 5-36-103(a)(1) (Repl. 1997).

■ On appeal, the test is whether there is substantial evidence to sustain the conviction. *Boone v. State*, 282 Ark. 274, 668 S.W.2d 17 (1984). Substantial evidence is direct or circumstantial evidence that is forceful enough to compel a conclusion one way or another and which goes beyond mere speculation or conjecture. *Harris v. State*, 331 Ark. 353, 961 S.W.2d 737 (1998). In making this determination, we review the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* The resolution of credibility issues is within the province of the trial court. *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995).

■ It is not challenged and there is no doubt that the evidence was sufficient to show an attempt by appellant to inflict serious physical injury upon Mr. Brown. Appellant only argues that he did not possess the requisite intent to commit a theft because he was only teaching the victim a lesson. We have consistently recognized that a criminal defendant's intent or state of mind is rarely capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Chase v. State*, 334

Ark. 274, 973 S.W.2d 791 (1998). The trier of fact is allowed to draw upon his own common knowledge and experience to infer intent from the circumstances. *Tiller v. State*, 42 Ark. App. 64, 854 S.W.2d 730 (1993). Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his acts. *Kendrick v. State*, 37 Ark. App. 95, 823 S.W.2d 931 (1992).

■ Here, all that is required to support a finding of theft is that appellant knowingly took or exercised unauthorized control over Mr. Brown's property with the purpose of depriving Mr. Brown of his property. It is not disputed that the victim's clothes were taken and thrown out of the car. Despite appellant's assertion that his motive was only to teach the victim a lesson and not to commit a theft, his actions indicate another purpose — to deprive the victim of his possessions. It was a natural and probable consequence of appellant's action, throwing the victim's possessions out of the vehicle, that the victim would be deprived of those possessions. It is of no consequence that appellant was teaching the victim a lesson or that he did not keep the victim's property for himself. Arkansas Code Annotated section 5-36-103(a)(1) speaks to intent, not motive, and appellant has obviously misconstrued the language of this statute. Even though appellant asserts that his motive was only to teach the victim a lesson, the jury could have inferred from the events in this case that the statutory intent to commit a theft was satisfied. Thus, we find that the evidence is sufficient to support appellant's conviction for aggravated robbery.

Affirmed.

CRABTREE AND ROAF, JJ., agree.