Benjamin Andrew BARNETT *v.* STATE of Arkansas

CA CR 99-117                                   3 S.W.3d 344

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered November 3, 1999

*William R. Simpson, Jr.,* Public Defender, by: *Ashley Riffel,* Deputy Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The Pulaski County Circuit Court convicted the appellant, Benjamin Andrew Barnett, at a bench trial of criminal attempt to possess crack cocaine in

violation of Ark. Code Ann. § 5-3-201 (Repl. 1997) and sentenced him to a term of six years in the Arkansas Department of Correction. On appeal, appellant challenges the sufficiency of the evidence. We affirm.

In reviewing the sufficiency of the evidence, this court reviews the proof in the light most favorable to the State, considering only that evidence that tends to support the conviction. *Smith v. State*, 65 Ark. App. 216, 986 S.W.2d 137 (1999). This court will affirm if there is any substantial evidence to support the verdict. *White v. State*, 47 Ark. App. 127, 886 S.W.2d 876 (1994). The evidence, whether direct or circumstantial, must be of sufficient force that it compels a conclusion with reasonable and material certainty. *Ward v. State*, 35 Ark. App. 148, 816 S.W.2d 173 (1991).

At the close of the State's case and again at the close of all the evidence, appellant moved for a directed verdict. He asserted that the State had only presented evidence that he wanted a "thirty" and that he was arrested because he had $30 in his possession. The lower court denied the motion.

At trial, two witnesses testified; both were narcotics detectives. Detective Thomas testified that he was posing as a street-level cocaine dealer on May 1, 1997, when appellant approached him and asked for a "thirty." Thomas told appellant to drive around the block and that he would have "it" when appellant returned. Detective Koger testified that on that same day he pulled over appellant after receiving a description of the vehicle driven by appellant. Koger searched appellant and found $30 in his possession.

Pursuant to Ark. Code Ann. § 5-3-201 (a)(2) a person attempts to commit an offense if he "[p]urposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be." In this case, we believe that appellant took a substantial step to purchase crack cocaine when he requested a "thirty" from a detective posing as a drug dealer.

Because intent cannot be proven by direct evidence, the fact finder is allowed to draw upon his own common knowledge and experience, and the presumption that a person intends the natural and probable consequences of his acts, to infer intent from

the circumstances. *Kendrick v. State,* 37 Ark. App. 95, 823 S.W.2d 931 (1992). Here, Detective Thomas testified that he had been a narcotics officer for four and a half years and had previously posed as a street dealer. He also testified that based on his experience in the area, the term "thirty" meant $30 worth of crack cocaine. We do not believe that the trial judge needed to speculate to find that appellant sought to purchase $30 worth of crack cocaine. Consequently, the State provided sufficient evidence to sustain appellant's conviction.

Affirmed.

BIRD, MEADS, JJ., and HAYS, S.J., agree.

ROBBINS, C.J., and ROAF, J., dissent.

JOHN B. ROBBINS, Chief Judge, dissenting. Mr. Benjamin Barnett has been sentenced to six years in prison for speaking these words through the open window of his pickup truck: "Let me get a thirty" — and then driving away. In my view, this proof falls woefully short of constituting substantial evidence of criminal attempt to possess a controlled substance.

Officer Thomas acknowledged on cross-examination that he and appellant "never discussed drugs or said anything specific about drugs, including cocaine." But, based on his experience in "dealing with individuals in that area and purchasing narcotics in that area," he "presumed" that a "thirty" was $30.00 worth of crack cocaine. After appellant stated, "Let me get a thirty," Officer Thomas instructed him to drive around the block, and appellant drove away.

After appellant's discussion with Officer Thomas, his truck was stopped by Officer Koger, and he was searched and arrested. Officer Koger's testimony indicated that appellant was stopped on the same street where Officer Thomas was working undercover. This differed from the testimony of Officer Thomas, who testified that appellant made a left turn before the stop. However, in either case the evidence failed to establish that appellant was returning to the location of the anticipated drug transaction; instead, he was still driving away from Officer Thomas when he was stopped.

In this case, the evidence viewed in the light most favorable to the State was that appellant was driving his truck and stated "Let me

get a thirty" to an undercover officer, after which he drove away and was found to possess $30.00 in currency. Even though the officer presumed that appellant's comments indicated appellant's desire to buy crack cocaine, there was no evidence that appellant was from the local area, or was familiar with the vernacular of the drug culture. I submit that the proof presented by the State was insufficient to support the conviction for criminal attempt to possess a controlled substance. In my opinion, the conviction was based on speculation and conjecture, which does not constitute substantial evidence. *See Stewart v. State*, 67 Ark. App. 1, 992 S.W.2d 147 (1999). I would reverse.

ROAF, J., joins in this dissent.