Jason Craig POND *v.* STATE of Arkansas

CA CR 99-1055 14 S.W.3d 525

Court of Appeals of Arkansas
Division IV
Opinion delivered March 22, 2000

*Page, Thrailkill, & McDaniel,* by: *Patrick McDaniel,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Mac Golden,* Ass't Att'y Gen., for appellee.

Josephine Linker Hart, Judge. The jury convicted appellant, Jason Craig Pond, of five criminal offenses, and he was sentenced to twelve years in the Arkansas Department of Correction for robbery; six years and a $1000 fine for battery in the second degree; one year for breaking or entering; a fine of $1000 for criminal attempt to commit residential burglary; and one year in the county jail for theft of property to run concurrently. Appellant asserts for his sole point on appeal that the trial court erred by failing to grant his motion for directed verdict on the robbery charge. We affirm.

On July 16, 1998, at approximately 9:30 p.m., appellant, Mark Crabtree, and Thomas Gill went to the home of Grace Walker. While Gill acted as a lookout, Crabtree and appellant entered the house and stole Ms. Walker's purse containing $37, which they used to buy two thirty-packs of beer. According to Crabtree and Gill, they passed out at appellant's apartment after drinking the beer. Later, they were awakened by appellant, who convinced them to return with him to Ms. Walker's home to obtain more money. They arrived at Ms. Walker's home at approximately 3:15 a.m., and appellant knocked on the door. Ms. Walker, who had been expecting the persons who stole her purse to return, opened the door and stepped onto the porch. Appellant told her that their car had stalled and asked her for a "jump." When Ms. Walker replied, "I don't know what a jump is," Crabtree and Gill, who were standing on the porch, laughed. Appellant hit Ms. Walker on the cheek with his fist, grabbed her by the throat, and slammed her down on the porch, causing injuries to her face, chest, and knees. Ms. Walker's daughter, Miriam, came to the door and began screaming, which caused the three young men to run away.

Appellant does not dispute that he used force against Ms. Walker, but argues the State failed to prove the *mens rea* element of the crime of robbery because it did not show that the force he used when he hit Ms. Walker was for the purpose of committing a theft. "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another." Ark. Code Ann. § 5-12-102 (Repl. 1997). A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Stewart v. State*, 338 Ark. 608, 999 S.W.2d 684 (1999). We review the evidence in a light most

favorable to the State and affirm if there is substantial evidence to support the verdict. *Skiver v. State*, 336 Ark. 86, 983 S.W.2d 931 (1999). Evidence is substantial, whether direct or circumstantial, if it is of sufficient force to compel a conclusion one way or the other with reasonable certainty. *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999).

Appellant contends that he used force, not to commit a theft, but because Crabtree and Gill laughed at him when "Ms. Walker gave him a look like he was stupid." Further, he maintains that the State failed to show that he intended to commit theft when he returned to Ms. Walker's home. He argues that neither he nor his companions asked Ms. Walker for money, demanded anything from her, attempted to enter her home, took property from her or planned to use force to take property from her.

 Intent can rarely be proved by direct evidence, but may be inferred from the circumstances of the crime, and jurors may draw upon common knowledge and experience to infer intent. *See Smith v. State*, 65 Ark. App. 216, 986 S.W.2d 137 (1999). Here, the circumstances surrounding the crime provide substantial evidence from which the fact-finder could conclude that appellant intended to commit robbery. Appellant entered Ms. Walker's residence at approximately 9:30 p.m. the previous evening, stole her purse, and used money that he found in the purse to buy beer. At approximately 3:00 a.m., appellant awakened Crabtree and Gill and persuaded them to return with him to Ms. Walker's home to find more money to purchase "pot" and "crank." The three entered Ms. Walker's front porch at approximately 3:15 a.m., and after she stepped out of her home onto her porch, appellant physically attacked her. Neither appellant nor his accomplices fled the scene until the victim's daughter began screaming.

 Considering that appellant had stolen property from the victim only hours earlier, voiced his intent to return to her home to get more money, and then followed through by going to her home during the early hours of morning where he physically attacked Ms. Walker when she stepped outside, and stopped the attack only when her daughter made her presence known by screaming, there was sufficient evidence from which the trier of fact could infer appellant used force to commit a theft. *See Stewart v. State, supra.* Viewing the evidence in the light most favorable to the State, we

conclude there was sufficient evidence to support appellant's robbery conviction. *Id.*

■ Additionally, appellant contends that the State failed to adequately corroborate the accomplice testimony of Crabtree and Gill. Appellant, however, failed to preserve this argument for appeal. Appellant, who bears the burden of showing that a witness is an accomplice, must obtain a declaration by the trial court that the witness is an accomplice as a matter of law or submit this question to the jury. *Windsor v. State*, 338 Ark.. 649, 1 S.W.3d 20 (1999); *Franklin v. State*, 318 Ark. 99, 884 S.W.2d 246 (1994). Failure to do so precludes appellant from raising the witness-corroboration rule on appeal. *Windsor, supra.* The abstract of the record contains nothing showing that Crabtree and Gill were declared by the trial court to be accomplices as a matter of law or that this question was presented to the jury and, therefore, we do not address this issue. *Franklin, supra.*

Affirmed.

PITTMAN and STROUD, JJ., agree.