Leslie Dewayne ALEXANDER *v.* STATE of Arkansas

CA CR 01–621 77 S.W.3d 544

Court of Appeals of Arkansas
Division IV
Opinion delivered June 19, 2002

*Lessmeister Law Firm, PLLC* by: *James J. Lessmeister*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. A Mississippi County jury found appellant guilty of aggravated robbery and felony manslaughter and sentenced him to eighteen years' imprisonment in the Arkansas Department of Correction. The trial court also granted the State's petition to revoke probation in CR-95-182 and sentenced him to serve an additional ten years in the Arkansas Department of Correction. Appellant raises five points for reversal: 1) the charge of aggravated robbery was not supported by substantial evidence; 2) the charge of felony manslaughter was not supported by substantial evidence; 3) the trial court should have allowed an instruction on the lesser-included offense of attempted aggravated robbery; 4) the trial court erred by allowing the State to admit "inflammatory" photographs; 5) the trial court's second revocation of appellant's probation amounted to an illegal sentence. We affirm on the first four points, but reverse the revocation on the fifth point.

At trial, appellant testified that on August 6, 1999, some men identified only as "Walls Street Boys" came over to his apartment with guns, called him outside to question him about a girl, and "jumped" him. Appellant then fled to his mother's house. Patrick Cason, Lasette McDougal, and Thomas Razor joined him at his mother's house where they planned a robbery. In a taped statement to Blytheville Police Department Detective David Flora, tappellant stated that "the whole plan was to snatch some weed from 'em and just run off with it." After drinking and smoking marijuana, they went to an abandoned house to retrieve some guns on their way to Jermaine Smith's house. They rode around "for a minute," dropped off one of their companions, and then the four armed men went to see Smith at his Walls Street residence. It was around midnight when they parked the car on the side of Smith's house, and appellant had a semi-automatic rifle under his coat when he approached the residence. Cason, appellant's friend, had already entered the house after making a request to purchase a $5.00 bag of marijuana. When Cason was exiting Smith's residence, Smith was walking behind him. Appellant was wearing a stocking cap rolled down to his eyebrows.

Appellant testified that Smith fired first, that he fired back, and that Cason fell to the ground. The evidence indicated that Cason was shot by Smith. Appellant then ran to his mother's house where he was later joined by McDougal and Razor. He testified that he dropped his gun in the alley as he was fleeing and did not contact the police because he was already on probation.

Smith testified that Cason was the only person outside when he initially opened the door. Cason was admitted into the residence to purchase a "nickel" bag of marijuana. After the sale, as Smith accompanied Cason out of the house, he saw appellant with the barrel of his rifle exposed, and in response, he fired his .38 semi-automatic handgun several times. Stephen Erickson, a forensic pathologist from the Arkansas State Crime Lab, testified that Cason died as a result of multiple gunshot wounds.

In his taped statement, appellant said that Cason never made it into the house and that Smith started shooting as soon as Cason opened the door. At trial, however, appellant testified that Cason

went into the house to buy some marijuana and that Smith must have "slipped up and for some reason started shooting" when Cason was exiting. Appellant denied that he had any intent to rob .Smith.

The preservation of an appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of any asserted trial errors. *Young v. State*, 316 Ark. 225, 871 S.W.2d 373 (1994). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002). Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Goodman v. State,* 74 Ark. App. 1, 45 S.W.3d 399 (2001). In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Wilson v. State*, 332 Ark. 7, 962 S.W.2d 805 (1998).

The jury may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe the State's account of the facts rather than the defendant's. *Chapman v. State*, 343 Ark. 643, 38 S.W.3d 305 (2001). Flight following the commission of an offense is a factor that may be considered with other evidence in determining probable guilt. *Stewart v. State,* 338 Ark. 608, 999 S.W.2d 684 (1999). Also, a defendant's improbable explanation of suspicious circumstances may be admissible as proof of guilt. *Id.* Additionally, the longstanding rule in the use of circumstantial evidence is that the evidence must exclude every other reasonable hypothesis than that of the guilt of the accused to be substantial, and whether it does is a question for the jury. *Gregory v. State*, 341 Ark. 243, 15 S.W.3d 690 (2000).

A person commits robbery if he, with the purpose of committing a felony or misdemeanor theft, employs or threatens to employ physical force upon another person. *See* Ark. Code Ann. § 5-12-101(a) (Repl. 1997). A person commits aggravated robbery if he commits robbery and he is armed with a deadly weapon or represents by word or conduct that he is so armed, or

inflicts or attempts to inflict death or serious physical injury upon another person. *See* Ark. Code Ann. § 5-12-103 (Repl. 1997). A person acts purposefully with respect to his conduct when it is his conscious object to engage in conduct of that nature or cause such a result. *See* Ark. Code Ann. § 5-2-202(1) (Repl. 1997). Intent or purpose to commit a crime is seldom proven by direct evidence, and often is inferred from the circumstances. *Jones v. State,* 72 Ark. App. 271, 35 S.W.3d 345 (2000). Thus, a presumption exists that a person intends the natural and probable consequences of his acts because of the difficulty in ascertaining a person's intent. *Tarentino v. State,* 302 Ark. 55, 786 S.W.2d 584 (1990). Also, the jury is allowed to draw upon their common knowledge and experience to infer intent in reaching a verdict from the facts directly proved. *Robinson v. State,* 293 Ark. 243, 737 S.W.2d 153 (1987).

 Based on the foregoing, it is our opinion that the trial court properly refused appellant's motion for directed verdict on the charge of aggravated robbery. There is substantial evidence of appellant's purpose to commit an aggravated robbery. He confessed that he and his accomplices went to Smith's house with the purpose of stealing some marijuana. They parked around the corner from Smith's house, and, upon arrival at the targeted house, appellant put on a stocking cap pulled down to his eyebrows. Cason was sent into the house to observe the marijuana supply; when Smith opened the door to let Cason exit, he was surprised to see appellant on his porch brandishing a weapon. Appellant fired his semi-automatic rifle at Smith, then fled the scene and discarded his weapon en route.

 Appellant argues that the trial court erred in denying his motion for directed verdict on the ground that the State failed to prove the corpus delicti, as required to corroborate his statement regarding his intent to steal marijuana from Smith. Arkansas Code Annotated section 16-89-111(d) provides: "A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed." The requirement for other proof is sometimes referred to as the corpus delicti rule and requires only proof that the offense occurred and nothing more. *Id.* Thus, the State must

prove (1) the existence of an injury or harm constituting a crime, and (2) that the injury or harm was caused by someone's criminal activity. *Id.* (citing *Ferrell v. State,* 325 Ark. 455, 929 S.W.2d 697 (1996)). Our supreme court has held that it is not necessary to establish any further connection between the crime and the particular defendant. *Hart v. State,* 301 Ark. 200, 783 S .W.2d 40 (1990).

In an aggravated robbery case, this rule requires the State to prove that the accused intended to commit felony or misdemeanor theft and employed or threatened to employ the use of deadly force during the commission of the crime. Both elements, the intent to commit theft and the use or threatened use of a deadly weapon may be shown by strong and unequivocal circumstantial evidence such as to leave no ground for reasonable doubt; thus, where there is some proof of the corpus delicti, its weight and sufficiency is properly left to the jury. *Jenkins v. State,* 348 Ark. 686, 75 S.W.3d 180 (2002).

There is ample direct and circumstantial evidence to establish proof of the corpus delicti. Specifically, the facts that appellant parked his car to the side of Smith's home, had a weapon secreted, and stayed out of Smith's view until after Cason had been sent in to make sure Smith had marijuana in his house are sufficient to allow the jury to conclude that appellant's intent was more than to simply harm Smith. In sum, appellant's acts and confession, coupled with the jury's ability to consider his flight from the scene, his discarding of evidence, and his improbable explanation of the suspicious events constitutes substantial evidence to prove that appellant had the requisite intent to commit theft and that he was armed with a deadly weapon while executing his purposeful act.

Accordingly, because we find that there is sufficient evidence to support his conviction for aggravated robbery, there is also substantial evidence to support the charge of felony manslaughter. A person commits felony manslaughter if "acting alone or with one or more persons, he commits or attempts to commit a felony, and in the course or furtherance of the felony or in immediate flight therefrom another person who is resisting such offense

or flight causes the death of any person." *See* Ark. Code Ann. § 5-10-104(a)(4)(B) (1997). Cason was killed by Smith as Smith was resisting the offense of aggravated robbery committed by appellant; thus, there is sufficient evidence to support the charge of felony manslaughter and appellant's argument is without merit.

Appellant also argues that he was entitled to have the jury instructed on the charge of attempted aggravated robbery because there was insufficient evidence of his intent to steal the marijuana. The State points out that appellant argued below that he was entitled to the instruction because there was some evidence that he took a "substantial step" in committing the offense of aggravated robbery. The State urges this court to bar appellant's argument because a party is bound by the nature and scope of his objection and argument made at trial. *Woods v. State,* 342 Ark. 89, 27 S.W.3d 367 (2000). However, both arguments go to whether the essential elements of aggravated robbery were established by the State, and conclude with the proposition that the elements of the lesser-included crime of attempted robbery had been met. Therefore, we will consider the merit of appellant's argument.

The jury instruction proffered by appellant, and refused by the trial court, stated:

> If you have reasonable doubt of the defendant's guilt on the charge of aggravated robbery, you will then consider the defendant's guilt on the charge of attempted aggravated robbery. To sustain the charge of attempted aggravated robbery, the [S]tate must prove beyond a reasonable doubt the following things: First, that [appellant] intended to commit the offense of aggravated robbery; Second that [appellant] purposely engaged in conduct that was a substantial step in the course of conduct intended to culminate in the commission of aggravated robbery; and Third, that [appellant's] conduct was strongly corroborative of the criminal purpose.

Appellant recognizes that precedent permits a trial court to reject the lesser-included instruction where no rational basis is presented; however, he argues a rational basis existed here. We disagree.

First, it is not error for the court to refuse or fail to instruct on the lesser offense, where the evidence clearly shows

that the defendant is either guilty of the greater offense charged or is innocent. Arkansas Code Annotated section 5-3-201 (Repl. 1997), concerning the inchoate offense of criminal attempt, provides:

> (a) A person attempts to commit an offense if he:
> (1) purposely engages in conduct that would constitute an offense if the attendant circumstances were as he believes them to be; or
> (2) purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as he believes them to be.
> (b) When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpability otherwise required for the commission of the offense, he purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause such a result.
> (c) Conduct is not a substantial step under this section unless it is strongly corroborative of the person's criminal purpose.

The Committee Commentary to § 5-3-201 states that sections (a) and (b) are framed so as to apply only to purposeful conduct, accompanied in subsections (a)(1) and (a)(2) by a belief in attendant circumstances and in (b) by a knowing culpable mental state regarding a result. It is noted that these sections have overlapping coverage and are not set out in alternative form solely to pick up distinct kinds of conduct. Subsection (a)(1) is directed at the completed course of conduct while subsections (a)(2) and (b) are primarily directed at situations where substantial steps not amounting to completed courses of conduct have been taken, but have not culminated in the commission of the object offense. Under subsection (b), knowledge regarding a result will generate liability when coupled with purposeful conduct.

It appears from the wording of appellant's proffered instruction that he used the language from subsection (b) of § 5-3-201. However, as previously discussed, the Committee Commentary following § 5-3-201, subsection (b), is primarily directed to situations where substantial steps not amounting to completed courses of conduct have been taken, but have not culminated in the commission of the object offense. Here, we have a completed

offense and therefore the trial court did not err in its refusal to instruct on the lesser-included charge of attempted aggravated robbery.

 Next, appellant contends that the trial court erred by permitting the State to introduce two "inflammatory" photographs into evidence. However, appellant failed to include in the addendum to his brief copies of the photographs that he contends were wrongfully admitted. Because this record was lodged before our new abstracting rules went into effect, the prior Rule 4-2 of the Rules of the Supreme Court and Court of Appeals applies. Rule 4-2(a)(6) provides that whenever a map, plat, photograph, or other similar exhibit, which cannot be abstracted in words, must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and attach it to the copies of the abstract filed in the Court and served upon the opposing counsel, unless this requirement is shown to be impracticable and is waived by the Court upon motion. Appellant did not move to have this requirement waived, and the photographs in question have not been reproduced and attached as prescribed by the rule. Thus, we will not consider appellant's argument on appeal. *See Douthitt v. State,* 326 Ark. 794, 935 S.W.2d 241 (1996).

Finally, on November 6, 1995, appellant was placed on five years' probation after pleading guilty to burglary. On November 5, 1996, the State petitioned to revoke appellant's probationary sentence. On October 23, 1997, the trial court revoked appellant's probation and sentenced appellant to one year in the county jail and five years' probation. On November 8, 2000, the State filed a second petition to revoke appellant's probation and the trial court revoked his probation for a second time and sentenced him to 120 months of imprisonment.

 Appellant argued below that the first revocation of his probation resulted in an illegal sentence that he had already served. Although appellant did not move to dismiss the revocation petition or specifically argue that the trial court lacked subject-matter jurisdiction to revoke his probation, he may raise subject-matter jurisdiction for the first time on appeal. *See e.g. Baldwin v.*

*State,* 74 Ark. App. 69, 45 S.W.3d 412 (2001). As appellant argues, and the State concedes, we agree that once a valid sentence is put into execution, the circuit court loses its jurisdiction to modify or amend its original sentence. *See McGhee v. State,* 334 Ark. 543, 975 S.W.2d 834 (1998).

Here, appellant's original sentence was put into execution when the trial court revoked his probationary sentence and sentenced him to one year in jail. Although Act 1569 § 8 of 1999 legislatively overruled *McGhee,* the act is not implicated here because it was not in effect at the time appellant committed the original offense for which he was put on probation. *See Bagwell v. State,* 346 Ark. 18, 53 S.W.3d 520 (2001). Accordingly, we reverse and dismiss appellant's illegal sentence.

Affirmed in part; reversed and dismissed in part.

HART and ROAF, JJ., agree.