
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–440

| | |
|---|---|
| ROBERT STANLEY FREEMAN<br>APPELLANT | **Opinion Delivered:** January 20, 2016 |
| V. | APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CR-13-209] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN DAN KEMP, JUDGE |
| | AFFIRMED |

### WAYMOND M. BROWN, Judge

Robert Stanley Freeman (hereinafter, "Appellant") stood trial before a jury in the Cleburne County Circuit Court in January 2015 and was convicted of aggravated robbery, aggravated assault, and theft of property. He now appeals his conviction for aggravated assault, arguing that the trial court erred by denying his motion for a directed verdict. We affirm.

We consider appeals of denied directed-verdict motions as challenges to the sufficiency of the evidence.[1] When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State.[2] Only evidence supporting the verdict will be considered.[3] The test for determining the

---

[1] *Russell v. State*, 367 Ark. 557, 242 S.W.3d 265 (2006).

[2] *White v. State*, 98 Ark. App. 366, 255 S.W.3d 881 (2007).

[3] *Id.*

sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial.[4] Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion or conjecture.[5]

The facts of this case are not in dispute. On December 2, 2013, appellant robbed a Heber Springs McDonald's restaurant of approximately $9,000. He ran behind a nearby clinic where the victim, Kristina Swiney, an employee of the clinic, pursued him in order to ensure that he did not steal anything from her vehicle. When she caught up to appellant, he was attempting to remove his jacket and climb over a fence to escape. Swiney retrieved his jacket and asked him to trade his jacket for the stolen money. Appellant then turned towards Swiney, brandishing a fixed-blade throwing knife. He then pushed her and cut her left shoulder in the process. Appellant admitted at trial that Swiney's scar produced by the altercation could "very well" have been caused by his knife when he pushed her. After pushing her, he jabbed his knife in her direction and stated "Don't fuck with me, Bitch." Swiney testified that she gave up the pursuit because she thought appellant would cut her throat. He was arrested and later found guilty by a jury of, among other crimes, aggravated assault.

A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person.[6] The essence of

---

[4] *Graham v. State*, 365 Ark. 274, 229 S.W.3d 30 (2006).

[5] *Id.*

[6] Ark. Code Ann. § 5-13-204(a)(1) (Repl.2013).

appellant's sufficiency-of-the-evidence challenge is that his actions were reckless rather than purposeful and, therefore, did not rise to the level of aggravated assault. A person acts purposefully with respect to his or her conduct or as a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result.[7] A person acts recklessly with respect to attendant circumstances or as a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.[8]

The facts and arguments of the instant case are very similar to that of *Kendrick v. State*.[9] In *Kendrick*, after the appellant realized that he would be unable to escape from two police officers pursuing him, he turned towards one officer and held a knife in a "threatening manner." The officer was able to strike the appellant with his baton and take away the knife. The appellant argued that he created no substantial risk of death or serious physical injury to the officer because they were four or five feet apart from each other, and there was a chain link fence separating them. In affirming his conviction for aggravated assault, our court noted that if the officer was close enough to the appellant to strike him with his baton, the appellant was close enough to the officer to cause serious physical injury.

Here, appellant was close enough to Swiney to push her and injure her, while brandishing a knife. Appellant's state of mind, whether reckless or purposeful, is something

---

[7] Ark. Code Ann. § 5-2-202(1) (Repl.2013).

[8] Ark. Code Ann. § 5-2-202(3) (Repl.2013).

[9] 37 Ark. App. 95, 823 S.W.2d 931 (1992).

SLIP OPINION

that can seldom be known to others, so it ordinarily cannot be shown by the facts or circumstances in evidence.[10] Therefore, the jury is allowed to draw upon its own common knowledge and experience to infer intent from the circumstances.[11] Finally, appellant's argument lacks merit because it is the conduct that must be undertaken purposefully, not the intended result.[12] The evidence showed that appellant purposefully turned toward his pursuer, brandished a knife, and pushed her. We hold that such conduct manifested an extreme indifference to the value of human life.

We cannot find error in the trial court's denial of appellant's motion for a directed verdict on the charge of aggravated assault. Accordingly, we affirm.

Affirmed.

GLADWIN, C.J., and ABRAMSON, J., agree.

*The Denton Law Firm, PLLC*, by: *Joe A. Denton*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.

---

[10] *Id.*

[11] *Robinson v. State*, 293 Ark. 243, 737 S.W.2d 153 (1987).

[12] *Neely v. State*, 18 Ark. App. 122, 711 S.W.2d 482 (1986).